UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
NOV - 1 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Billie E. Shepperd )
3714 Huntington Street, NW )
Washington, DC 20015 )
Plaintiff, 202.966.6524 )
)
v.                                                      CASE NUMBER 1:05CV02126
                                                        JUDGE: Richard W. Roberts
District of Columbia                                    DECK TYPE: Employment Discrimination
John A Wilson Building
1350 Pennsylvania Avenue, NW                            DATE STAMP: 11/01/2005
Washington, DC 20004
Defendant. )

JURY ACTION

Complaint for Employment Discrimination

1. Plaintiff Billie E. Shepperd, a former employee of the government of the District of Columbia, brings this action to address violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq. as well as the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 USC 621 et seq., for termination of her employment and other economically and psychologically harmful actions taken against her, for which she seeks appropriate relief. Plaintiff asserts that ageist and retaliatory motives motivated Defendant.

Jurisdiction And Venue

2. This Court has jurisdiction over the claims alleged herein pursuant to 42 U.S.C. 2000e-(5) (f), 28 U.S.C. 1343 and 29 USC 626.

3. Proper venue is in this Court as all relevant events alleged herein have occurred within the District of Columbia.

1

Parties

4. Plaintiff has been an employee of the Government of the District of Columbia since 1987. Plaintiff, a resident of the District of Columbia was terminated from her employment with the Government of the District of Columbia on July 31, 2003.

5. Defendant District of Columbia is a separate legal entity with responsibility for insuring that its employees have a workplace free of unlawful discrimination.

Factual Statement

6. Plaintiff Billie E. Shepperd is a Black/Triracial female age 65 who served in the capacity of Executive Assistant, Bureau of School Health, Ambulatory Health Care Administration at the DS-12/13 Grade Level from 1993 to 1997. From 1998 to July 31, 2003 she served as Public Health Analyst at the DS-13 Grade Level with a working title of School Health Liaison, Maternal and Family Health Administration. On July 31, 2003 Plaintiff Shepperd was terminated from that position.

7. On January 29, 2001, Plaintiff Shepperd was transferred from the Maternal and Family Health Administration to the Public Health Benefit Corporation, a non-government entity in the throes of closure and located on the grounds of the District of Columbia Hospital. Plaintiff Shepperd was transferred ostensibly for proximity to the School Health Program, to which she served as liaison. Her assignment was made with little notification and before adequate and necessary logistics and

communications could be arranged at the Public Benefit Corporation or within the Maternal and Family Health Administration.

8. For a period of time, in excess of six months, Plaintiff Shepperd was physically located on a different floor from the Public Benefit School Health Program and isolated near a prison ward, without a working telephone or computer, and was further removed from her immediate supervisor or any other Department of Health Staff. Additionally, Plaintiff Shepperd's isolation increased when only one other employee was maintained on floor and by the distance of half a city block removed.

9. In October of 2001, Colleen Whitmore became Plaintiff Shepperd's Supervisor. For the rating period of April 1, 2001 to March 31, 2002, Plaintiff Shepperd received a Satisfactory Rating from Supervisor Colleen Whitmore. But in July of 2002, Supervisor Whitmore placed Plaintiff Shepperd on 90 days probation and told Plaintiff Shepperd that her term appointment would be renewed in 30 days increments. Placing Plaintiff Shepperd on probation was unjustified for at least two reasons; one, Plaintiff had long completed her probationary period and two, District of Columbia Rules and Regulations requires that an employee be told of their deficiencies and that they be provided with assistance and an opportunity to correct those deficiencies. Additionally, procedures for changing her status from a 13 month Not To Exceed Term appointment to a month to month renewal required the District to issue Plaintiff Shepperd advance notice of their intent to change her position status. Thus, Supervisor Whitmore was in violation of the District of Columbia Personnel Rules and Regulations that governed employee performance

management and the terms and conditions of the 13 month Not To Exceed term position that Plaintiff Shepperd had held for fourteen years.

10. On April 20, 2003, Plaintiff filed a written complaint of discrimination with the DC Department of Health, District of Columbia Office of Personnel and a copy addressed to the Office of the Mayor alleging hostile work environment, retaliatory work environment and discrimination on the bases of age, in violation of DC Personnel Rules and regulations and Title VII of the Civil Rights Act.

11. On or about May 1, 2003, Plaintiff Shepperd's discrimination complaint was forwarded to the Department of Health EEO Office for investigation.

12. On May 16, 2003 Supervisor Whitmore called Plaintiff and asked Plaintiff to put in writing to the Director, Marilyn Seabrooks-Myrdal her intentions to retire.

13. Plaintiff Shepperd informed Supervisor Whitmore that she was not going to retire and on May 30, 2003, Colleen Whitmore requested Plaintiff to come to her office and presented Plaintiff with a letter of termination dated May 29, 2003.

14. On June 18, 2003 at the request of the Department of Health EEO Officer, Plaintiff received a letter extending her NOT TO EXCEED (NTE) Position for 30 days to July 31, 2003, pending the result of their investigation.

15. On July 18, 2003 in response to Plaintiff's complaint of discrimination filed on April 20, 2003, the Department of Health EEO Officer issued a report of findings and determination based on their investigation.

16. Supervisor Colleen Whitmore justified her request to Plaintiff Shepperd to submit a formal letter regarding her intention to retire with an effective date, so that she

could plan accordingly for adequate close-out of existing assignments and a smooth transition.

17. The DC Department of Health EEO report concluded, that in spite of the responding Management officials justification, that Plaintiff Shepperd was subjected to disparate treatment and a hostile environment; and, conversations and inquiries concerning Plaintiff Shepperd's intent to retire were inappropriate and as matters of her privacy and dignity, could be seen as a basis for age discrimination.

18. On July 21, 2003, Plaintiff Shepperd was told that if she did not retire, she would lose her benefits, as they were planning on terminating her at the end of the month, which was also the end of the NTE contract date.

19. Because of age, fear of losing retirement benefits and fear of not being able to be re-employed in the future, Ms. Shepperd informed the personnel office that her retirement decision was not voluntary, but that she saw no other recourse and believed the retirement decision was coerced and subsequently a retirement by constructive discharge because of her age and retaliation for filing a complaint of age discrimination and other stated discriminatory practices.

20. Despite the Department of Health's own EEO inquiry supporting a finding of discrimination, on July 28, 2003 Marilyn Seabrooks Myrdal, Director Maternal and Family Administration issued Plaintiff a letter terminating her with three days notice from her position of Public Health Analyst to be effective July 31, 2003. The reason given for terminating Plaintiff Shepperd was that her Term Position had expired.

21. Plaintiff Shepperd believed this action to be further retaliation on the part of her employer.

Exhaustion of Administrative Remedies

22. Plaintiff Shepperd properly pursued her discrimination complaint within the government of the District of Columbia and thereafter filed a complaint with the Equal Employment Opportunity Commission. After an investigation, the EEOC found reasonable cause to believe that Defendant the District of Columbia violated the ADEA but no cause finding was made as to her Title VII claims, as it was hoped that DC Department of Health would amicable negotiate a settlement.

23. Efforts at conciliation failed, a Notice of Right to Sue was issued and received by the plaintiff as evidenced by her signature to the US Postal Service on August 5, 2005. This action therefore is filed within ninety (90) days of her receipt of the Notice of Right to Sue.

CLAIMS

COUNT I: RETALIATION

IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

Paragraphs 1 through 23 are incorporated herein by reference. Plaintiff avers that several retaliatory acts took place, the first being issuance of a negative performance evaluation in violation of DC Personnel rules and regulations. The second being

requests by her Supervisor for her to give a date of retirement. These acts were intended to harass the Complainant. The Complainant within her rights wrote a letter with the intent of filing a formal complaint regarding what she believed to be discriminatory practices. Upon receipt by the Defendant of the formal complaint letter, and contrary to the Defendant's own EEO determination supporting an inference of discrimination, the harassment did not stop and finally ended with the issuance of a letter of termination. The three-day notice provided on the letter of termination was further retaliation. These unlawful actions taken against Plaintiff, resulted her feeling coerced and equated to out-right retaliation against Ms. Shepperd for exercising her protected right to file such a complaint. All the actions of the DC Department of Health are activities that were in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq. and the Age in Discrimination Act, 29 U. S.C. 623 et seq.

## COUNT II: AGE DISCRIMINATION IN EMPLOYMENT ACT

Paragraphs 1 through 23 are incorporated herein by reference. The Defendant has intentionally discriminated against Plaintiff Shepperd because of her age, in violation of ADEA. Plaintiff Shepperd is over 40 years of age and her date of birth is October 7, 1940. Plaintiff Shepperd degreed with a Masters of Science in Public Health, Howard University, College of Medicine; she was qualified for her position; she competed for it and was hired. Plaintiff Shepperd was not only qualified for her position of Public Health Analyst, but performed an excellent job as School Health Liaison from 1998 to July 31, 2003. Prior to coming under the supervision of Colleen Whitmore, Plaintiff

Shepperd had no performance issues. Plaintiff's performance prior to being rated by Ms. Whitmore was rated as excellent or satisfactory. As stated by the Department of Health EEO Officer, Plaintiff was illegally cited for performance during an evaluation of less than 90 days and within the upheaval of an assignment through the move to the Public Benefit Corporation. Otherwise the Plaintiff has never been disciplined for performance. The internal findings of the EEO Officer was that the Term appointment under which Plaintiff Shepperd served and which was renewed for over ten plus years was used inappropriately to validate performance and that conversations and inquires as to Plaintiff intent to retire was inappropriate. And furthermore that age discrimination could be inferred from such action. The unlawful actions of hostile environment, retaliation taken against Plaintiff, were committed because of Plaintiff's age and in violation of Age Discrimination in Employment Act, 29 U.S.C. 621 et seq.

## COUNT III: HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF TITLE VII, CIVIL RIGHTS ACT OF 1964.

Paragraphs 1 through 23 are incorporated herein by reference. The Defendant has subjected Plaintiff to a hostile work environment by situating her away from her co-workers, in a place that was being closed down, without protection or means of communication, where she was subjected to the coming and goings of prisoners and ultimately working in isolation with one other employee located at least one half block distance between the two offices. The lack of providing communication not only physically endangered Ms. Shepperd but also greatly prevented and interfered with

fully performing her duties. If there was any failure to perform, it was not caused by actions attributable to Ms. Shepperd. The acts included isolating Ms. Shepperd from the DOH staff as well as School Health staff located at the Public Benefit Corporation. When Ms. Shepperd was eventually provided a telephone, she was issued five (5) different and frequently unusable numbers over the course of her time at the District of Columbia Hospital site. The Plaintiff was not allowed to transport the computer she used for her work while at the Department of Health but was permitted to personally transport another one in her car. That computer was not operable, and over time three computers were issued. The work tools of telephone, computer, having access to School Health Staff of the Public Benefit Corporation and headquarter staff at the Department of Health were all necessary components for her to do her job and to communicate basic needs. The created work site was intended to harass and create a hostile work environment. Weeks before 9/11 Ms Shepperd was ultimately moved from the isolated floor to the floor but not the corridor of the few remaining school health staff. All school health nursing staff had been riffed by the Public Benefit Corporation. The exception was four (4) nursing supervisors and a director. Ms. Shepperd always kept the office door locked because she was frequently alone on the hospital corridor, Ms. Shepperd was unaware and uninformed of the tragic events of 9/11 until housekeeping personnel pounded the door and pulled her to a television set. It was that day and time that her daughter was enroute for overseas travel. No one from the Department of Health, School Health Program called to inform her of the state of emergency. Ms Shepperd remained at her post till well after one o'clock trying to place emergency calls to get the information to her colleagues. Defendants were aware of this

and did nothing about it, until a family member called in a verbal complaint. These acts were not only discriminatory but also negligent. The unlawful actions taken against Plaintiff created a hostile work environment and were committed against Plaintiff Shepperd because of her age in violation of the Age Discrimination in Employment Act, 29 U.S.C. 621 et seq. and resulted in the loss of her job.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Billie E. Shepperd respectfully request that this Court:

1. Issue a declaratory judgment that the acts and practices of Defendants complained of herein have violated the civil rights of Plaintiff Shepperd;

2. Actual damages with interest for her loss of wages, loss of benefits, including any cost of living adjustments and any salary/step increases she would have accrued; and

3. To award Plaintiff liquidated damages in an amount equal to the actual damages incurred for its intentional violation of the Age Discrimination in Employment Act;

4. Order Defendant to reinstate Plaintiff retroactively and permanently to her former position of Public Health Analyst (School Health Liaison), DS-13 at the Step 10 retroactively to July 31, 2003;

5. Order Defendant to pay to Plaintiff all back pay and benefits in a lump sum;

6. Order Defendant to award Plaintiff compensatory damages in an amount of $300,000 for the harm she has suffered as a result of Defendant's unlawful actions in violation of the rights secured by the laws of the United States;

7. Order Defendant to pay reasonable attorney's fees and litigation expenses incurred in the litigation of this matter; and

8. Order such additional relief as the Court deems proper and just.

## JURY DEMAND

Plaintiff Shepperd demands a trial by a Jury of her peers for all claims contained herein.

Respectfully submitted,

*Billie E-K. Shepperd*
Billie E. Shepperd, PRO SE
3714 Huntington Street, N. W.
Washington, D. C. 20015
202-966-6524

Date: 11-1-2005