UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BILLIE SHEPPERD, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) Civil Action No. 05-2126 (RWR) |
| v. | ) <br> ) <br> ) <br> ) <br> ) |
| DISTRICT OF COLUMBIA, | ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

**DEFENDANT'S MOTION FOR ENLARGEMENT TO ANSWER OR OTHERWISE RESPOND TO THE COMPLAINT**

Defendant District of Columbia, by and through undersigned counsel, moves, pursuant to Fed. R. Civ. P. 6(b)(1), for an order extending the time within which it may answer or otherwise respond to the Complaint. In support of this motion, Defendant states as follows:

1.     The complaint was filed on November 1, 2005. Although, subject to further investigation, the summons and the complaint do not appear to have been properly served, the Office of the Attorney General received a copy of the summons and complaint on November 3, 2005. Defendant's answer or other response would therefore appear to be due on November 23, 2005.

2.     The complaint purports to state a claim against Defendant District based on Title VII of the Civil Rights Act of 1964, as amended, and in particular, 42 U.S.C. § 2000e-3(a), and

1

the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. Defendant's counsel was assigned the case on November 18, 2005.

3. A review of the papers submitted by Plaintiff raises a number of issues. First, it appears that the District has not been served properly. Second, both Title VII and the ADEA impose rigorous exhaustion requirements. Defendant needs to investigate whether Plaintiff complied with these requirements. Although, as a condition precedent to Plaintiff's lawsuit, Fed. R. Civ. P. 9(c), Plaintiff will bear the burden of showing that these requirements have been met (to the extent controverted), Defendant would like to bring these questions to the Court as soon as practicable. Finally, Defendant needs to investigate Plaintiff's allegations so that it can prepare an answer or other thorough response. This investigation appears to require information from several offices within the Department of Health, a large District agency

4. Defendant District of Columbia therefore requests that it be given until January 17, 2006, for its answer or other response. The amount of time is consistent with the complexity of the issues and the degree of factual investigation required. Also, the period encompasses the holiday season which may make it more difficult to obtain the needed information in an expeditious manner.

5. In accordance with LCvR 7.1(m), Defendant spoke with Plaintiff. Plaintiff stated that she was going to a doctor's appointment and could not discuss the request for an enlargement at that point, but that she would call back. She did not do so by the time that this motion needed to be filed.

Defendant therefore respectfully request that the Court enlarge its time for answering or otherwise responding to the Complaint as requested herein.

Dated: November 18, 2005

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


/s/ Kimberly Johnson
KIMBERLY MATTHEWS JOHNSON
Chief, General Litigation I
D.C. Bar No. 435163


/s/ Wendel Hall
WENDEL V. HALL
Assistant Attorney General
D.C. Bar No. 439344
Suite 6S012
441 4th Street, N.W.
Washington, D.C. 20001
(202) 724-6608
(202) 727-0431 (fax)
E-mail: wendel.hall@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BILLIE SHEPPERD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 05-2126 (RWR) |
| v. | ) |
| | ) |
| DISTRICT OF COLUMBIA, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ENLARGEMENT TO ANSWER OR OTHERWISE RESPOND TO THE COMPLAINT**

Fed. R. Civ. P. 6(b)(1) governs this motion and requires a showing of cause for the enlargement. The cause for the relief requested is as described below. The complaint was filed on November 1, 2005. Although, subject to further investigation, the summons and the complaint do not appear to have been properly served, the Office of the Attorney General received a copy of the summons and complaint on November 3, 2005. Defendant's answer or other response would therefore appear to be due on November 23, 2005.

The complaint purports to state a claim against Defendant District based on Title VII of the Civil Rights Act of 1964, as amended, and in particular, 42 U.S.C. § 2000e-3(a), and the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. Defendant's counsel was assigned the case on November 18, 2005.

4

A review of the papers submitted by Plaintiff raises a number of issues.  First, Defendant needs time to verify service of process.  It appears that the District has not been served properly.  Second, both Title VII and the ADEA impose rigorous exhaustion requirements.  Defendant needs to investigate whether Plaintiff complied with these requirements.  Although, as a condition precedent to Plaintiff's lawsuit, Fed. R. Civ. P. 9(c), Plaintiff will bear the burden of showing that these requirements have been met (to the extent controverted), Defendant would like to bring these questions to the Court as soon as practicable.  Finally, Defendant needs to investigate Plaintiff's allegations so that it can prepare an answer or other thorough response.  This investigation appears to require information from several offices within the Department of Health, a large District agency

Defendant District of Columbia therefore requests that it be given until January 17, 2006 for its answer or other response.  The amount of time is consistent with the complexity of the issues and the degree of factual investigation required.  Also, the period encompasses the holiday season which may make it more difficult to obtain the needed information in an expeditious manner.

In accordance with LCvR 7.1(m), Defendant spoke with Plaintiff.  Plaintiff stated that she was going to a doctor's appointment and could not discuss the request for an enlargement at that point, but that she would call back.  Defendant called her once more before this motion was finalized, but was not able to speak with her.

Dated: November 18, 2005               Respectfully submitted,

                                       ROBERT J. SPAGNOLETTI
                                       Attorney General for the District of Columbia

                                       GEORGE C. VALENTINE
                                       Deputy Attorney General
                                       Civil Litigation Division

5

/s/ Kimberly Johnson
KIMBERLY MATTHEWS JOHNSON
Chief, General Litigation I
D.C. Bar No. 435163


/s/ Wendel Hall
WENDEL V. HALL
Assistant Attorney General
D.C. Bar No. 439344
Suite 6S012
441 4th Street, N.W.
Washington, D.C.  20001
(202) 724-6608
(202) 727-0431 (fax)
E-mail: wendel.hall@dc.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| BILLIE SHEPPERD, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) Civil Action No. 05-2126 (RWR) |
| v. | ) |
|  | ) |
| DISTRICT OF COLUMBIA, | ) |
|  | ) |
| Defendants. | ) |

**ORDER**

Having considered Defendant's Motion For Enlargement To Answer Or Otherwise Respond To The Complaint, the memorandum of points and authorities in support, Plaintiff's Opposition, and the entire record herein, it is, this ____ day of ____, 2005:

ORDERED: that Defendant's Motion For Enlargement To Answer Or Otherwise Respond To The Complaint shall be, and hereby is, GRANTED; and it is

FURTHER ORDERED: that Defendant District of Columbia shall separately answer or otherwise respond to the Complaint on or before January 17, 2006.

_____
Richard W. Roberts
United States District Judge

cc:

Wendel V. Hall, Esq.
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C.   20001

Billie E. Shepperd
3714 Huntington St., N.W.
Washington, D.C. 20015