UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| BILLIE SHEPPERD, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 05-cv-02126 (TFH) |
| v. | ) ) ) ) ) | |
| DISTRICT OF COLUMBIA | ) ) ) ) | |
| Defendant. | ) ) | |

**MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Defendant District of Columbia, by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 12(b)(6), moves to dismiss Plaintiff's Complaint. Plaintiff asserts that the District violated both the substantive and anti-retaliation provisions of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. Plaintiff's claim fails as a matter of law because (1) none of the actions that she alleges were motivated by retaliatory or discriminatory animus are adverse actions as required by Title VII or the ADEA, Brown v. Brody, 199 F.3d 446 (D.C. Cir. 1999), and (2) Plaintiff's hostile work environment claim is based on the ordinary tribulations of the workplace which the Supreme Court has repeatedly stated are not actionable. Clark County School District v. Breeden, 532 U.S. 268 (2001).

A memorandum of points and authorities and a proposed Order accompany this motion.

Because this motion is potentially dispositive, LCvR 7.1(m) does not require prior consultation.

Dated: January 18, 2006	Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


/s/ Kimberly Johnson /wvh
KIMBERLY MATTHEWS JOHNSON
Chief, General Litigation I
D.C. Bar No. 435163



/s/ Wendel Hall
WENDEL V. HALL
Assistant Attorney General
D.C. Bar No. 439344
Suite 6S012
441 4th Street, N.W.
Washington, D.C. 20001
(202) 724-6608
(202) 727-0431 (fax)
E-mail: wendel.hall@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| BILLIE SHEPPERD,<br><br>                    Plaintiff,<br><br>          v.<br><br>DISTRICT OF COLUMBIA,<br><br>                    Defendant. | )<br>)<br>)<br>)<br>) Civil Action No. 05-cv-02126 (TFH)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

**I.    INTRODUCTION**

Defendant respectfully asks that the Court dismiss Plaintiff's Complaint.  A prerequisite for any disparate treatment action under Title VII or the Age Discrimination in Employment Act ("ADEA") is an allegation that the employer took a discriminatorily motivated adverse action. Brown v. Brody, 199 F.3d 446 (D.C. Cir. 1999).  Here, Plaintiff alleges that a "negative performance evaluation" and "requests by her supervisor for her to give a date of retirement" constitute the adverse actions supporting her Title VII retaliation claim.  See Count I: Retaliation, p. 6.  Plaintiff appears to base her age discrimination claim upon an allegedly negative performance evaluation.  See Count II: Age Discrimination, p. 8. None of these are adverse actions as a matter of law.  Plaintiff also alleges that she experienced a hostile work environment.

3

However, this claim fails as a matter of law. The incidents alleged amount to no more than the ordinary tribulations of the workplace and, as such, are not actionable.

## II.     STATEMENT OF FACTS

Because this is a motion to dismiss, Plaintiff's allegations are assumed to be true for the purpose of this motion only. Plaintiff alleges that she was transferred from the District of Columbia Department of Health to the Public Health Benefit Corporation on January 29, 2001. Complaint, ¶ 7. The reassignment was made with inadequate notification and planning. Complaint, ¶ 7. Although no longer working for the Department of Health, Plaintiff came to feel isolated from Department of Health staff. Complaint, ¶ 8. In July 2002, Plaintiff was placed on probation and told that her term appointment would be renewed in 30-day increments. Complaint, ¶ 9. Plaintiff alleges that being placed on "probation" was unjustified "for at least two reasons," id, and that this action violated D.C. Personnel Regulations. In response, Plaintiff filed a complaint of discrimination on April 20, 2003. Plaintiff alleges that her supervisor asked about whether she intended to retire and asked that any plans be put into writing. Complaint, ¶¶ 11-18. Plaintiff declined. Id. The Department of Health decided that Plaintiff's term appointment was not going to be renewed and provided Plaintiff notice. Complaint, ¶¶ 18-19. Plaintiff chose to retire, but asserts that she felt coerced. Complaint, ¶ 19.

## II.     ARGUMENT

A.     <u>Standards of Review</u>.

The standards for considering a motion brought pursuant to Fed. R. Civ. P. 12(b)(6) are well-established. In a recent employment discrimination case, the court explained the governing law succinctly:

> A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. The complaint need only set forth a short and plain statement of the claim, giving the

>   defendant fair notice of the claim and the grounds upon which it rests. "Such simplified notice pleading is made possible by the liberal opportunity for discovery and the other pre-trial procedures established by the Rules to disclose more precisely the basis of both claim and defense to define more narrowly the disputed facts and issues. It is not necessary for the plaintiff to plead all elements of his prima facie case in the complaint or "plead law or match facts to every element of a legal theory.

Runkle v. Gonzales, 391 F. Supp. 2d 210, 220 (D.D.C. 2005)(citations and internal punctuation omitted.)  As applied in employment discrimination cases, it also well-established that Plaintiff need not plead a formal prima facie case.  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 515 (2002)(involving allegedly discriminatory demotion and termination); Sparrow v. United Air Lines, Inc., 216 F.3d 1111 (D.C. Cir. 2000)(involving allegedly discriminatory failure to promote and termination).  Yet, because "[T]he Supreme Court's holding in Swierkiewicz v. Sorema did not alter the basic pleading requirement that a plaintiff set forth facts sufficient to allege each element of his claim," Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002), quoted in Major v. Plumbers Local Union No. 5, 370 F. Supp. 2d 118, 129 (D.D.C. 2005), the Court may explore whether or not Plaintiff has alleged any set of facts that could ever state a violation of Title VII.  Runkle, 391 F. Supp. 2d at 221; see also Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Brooks-Miller v. England, 357 F. Supp. 2d 197, 201 (D.D.C. 2004); Rochon v. Ashcroft, 319 F. Supp. 2d 23 (D.D.C. 2004).  In particular, the Court may assess whether Plaintiff has alleged sufficient facts to demonstrate that she has been subject to an adverse action. Runkle, 391 F. Supp. 2d at 222; Rochon, 319 F. Supp. 2d at 29.

> B.    Plaintiff's Disparate Treatment Claims Fail Because She Has Not Alleged That She Experienced An Adverse Action.

At bottom, employment discrimination cases are about a plaintiff's claim that (1) an adverse action (2) was caused by (3) intentional discrimination (4) based on a protected characteristic. Before reaching questions about motive and causation, Plaintiff must produce

sufficient concrete evidence to justify a jury finding that she experienced an adverse action within the actionable period and that it was part of her EEO charge.  If she does not produce such evidence, the Court need not proceed to the next steps of the analysis.  <u>Brooks-Miller v. England</u>, 357 F. Supp. 2d 197, 201 (D.D.C. 2004); <u>Rochon v. Ashcroft</u>, 319 F. Supp. 2d 23 (D.D.C. 2004).

"An employee suffers an adverse employment action if he experiences materially adverse consequences affecting the terms, conditions, or privileges of employment or future employment opportunities such that a reasonable trier of fact could find objectively tangible harm."  <u>Forkkio v. Powell</u>, 306 F.3d 1127, 1131 (D.C. Cir. 2002).  The injury must be concrete, verifiable, and objective. "Purely subjective injuries, such as dissatisfaction with a reassignment or public humiliation or loss of reputation are not adverse actions."  <u>Id.</u> at 1130.

The case law has established that a number of employment actions are not adverse actions as a matter of law, at least without an exceptional showing of individual circumstances. Here, Plaintiff complains primarily of a single allegedly poor performance evaluation as the basis for her disparate treatment claims.  <u>See</u> Counts I & II, pp. 6, 8.  However, as noted by the court in <u>Lester v. Natsios</u>, 290 F. Supp. 2d 11, 28-29 (D.D.C. 2003):

> With respect to claims relating to allegedly inaccurate, unfair, or delayed performance appraisals, the D.C. Circuit has noted that formal criticism or poor performance evaluations are generally not adverse employment actions if they do not affect the employee's grade or salary.

Plaintiff specifically alleges that the first adverse action was "the issuance of a negative performance evaluation in violation of D.C. Personnel rules and regulations."  <u>See</u> Count I: Retaliation.  Count II: Age Discrimination is much the same: Plaintiff asserts that she "was illegally cited for performance during an evaluation of less than 90 days."  There is no allegation that these actions affected her grade or salary in any way.  As such, the evaluation is not an adverse action.

6

Plaintiff's other purported adverse action is her supervisor's alleged inquiry about her plans for retirement. These inquiries are not adverse actions because Plaintiff did not experience any adverse consequences from them. "An employee suffers an adverse employment action if he experiences materially adverse consequences affecting the terms, conditions, or privileges of employment or future employment opportunities such that a reasonable trier of fact could find objectively tangible harm." Forkkio v. Powell, 306 F.3d 1127, 1131 (D.C. Cir. 2002). There are no allegations that these alleged inquiries affected the terms, conditions, or privileges of employment in any way whatsoever much less in the material way required by the D.C. Circuit. The lack of an adverse action leads to the conclusion that Counts I and II of Plaintiff's Complaint have failed to state a claim upon which relief can be granted.

In short, Plaintiff has failed to allege facts – taken as true and giving her the benefit of all reasonable inferences from those facts – that could support the conclusion that she experienced an adverse action and is therefore "aggrieved" under Title VII or the ADEA. Plaintiff's disparate treatment claims should therefore be dismissed.

      C.      Plaintiff's Hostile Work Environment Claim Fails Because She Alleges Nothing More Than That She Experienced The Ordinary Tribulations Of The Workplace.

Plaintiff's last claim is a combination constructive discharge/hostile work environment case. Plaintiff's Complaint does not allege sufficient facts supporting this claim. To state a claim for a hostile work environment under Title VII or the ADEA, Plaintiff must allege: (1) she is a member of a protected class; (2) she was subject to unwelcome harassment; (3) the harassment occurred because of her race or disability; (4) the harassment affected a term, condition or privilege of employment; and (5) the employer knew or should have known of the harassment, but failed to take any action to prevent it. Lester v. Natsios, 290 F. Supp. 2d 11, 22

(D.D.C. 2003). Plaintiff need not, of course, allege a complete *prima facie* case. However, as noted above, the Court may explore whether or not Plaintiff has alleged any set of facts that could ever state a violation of Title VII. Runkle, 391 F. Supp. 2d at 221; see also Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Brooks-Miller v. England, 357 F. Supp. 2d 197, 201 (D.D.C. 2004); Rochon v. Ashcroft, 319 F. Supp. 2d 23 (D.D.C. 2004). In particular, courts have required a plaintiff to link the allegedly hostile incidents to his or her protected status. As the Lester Court noted:

> Moreover, it must be clear that the hostile work environment was the result of discrimination based on a protected status. As the Second Circuit has explained: Everyone can be characterized by sex, race, ethnicity, or (real or perceived) disability; and many bosses are harsh, unjust, and rude. It is therefore important in hostile work environment cases to exclude from consideration personnel decisions that lack a linkage of correlation to the claimed ground of discrimination. Otherwise, the federal courts will become a court of personnel appeals.
>
> Thus, "to sustain a hostile work environment claim . . . [plaintiff] must produce evidence that she was discriminated against because of her [status]." Richardson v. New York State Dep't of Correctional Servs. 180 F.3d 426, 440 (2nd Cir. 1999)(claim for hostile work environment failed where only three of fifteen alleged incidents had racial overtones); see also Farmer v. Cleveland Public Power, 295 F.3d 593, 605 (6th Cir. 2002)("[A] racial or sexual hostile work environment claim is cognizable only if the purported harassment, viewed in conjunction with all of the circumstances, occurred because of the employee's race or gender.")[.]

Lester v. Natsios, 290 F. Supp. 2d 11, 23 (D.D.C. 2003).

In addition, Plaintiff must allege much more than that she retired when her preference would have been to keep working to state a constructive discharge/hostile work environment claim:

> A compound claim of hostile environment constructive discharge requires an additional showing. Plaintiff also must "show working conditions so intolerable that a reasonable person would have felt compelled to resign." A finding of constructive discharge requires that "the employer deliberately made working conditions intolerable and drove the employee out." A plaintiff's failure to show a

8

hostile work environment necessarily means that the constructive discharge claim fails.

Al-Mahdi v. D.C. Public Schools, 2005 U.S. Dist. LEXIS 38670 (D.D.C. 2005).  This is precisely the claim that Plaintiff brings here.  See Count III: Hostile Work Environment, p. 10. Plaintiff, however, alleges no facts from which it can be inferred that she could ever meet the standard articulated in Al-Mahdi and other cases.  Thus, Plaintiff's retirement is not an adverse action and could not otherwise state a claim upon which relief could be granted.

Initially, it is important to identify the alleged incidents of "hostility" upon which Plaintiff may base her claim.  Generally, timely filing with the Equal Employment Opportunity Commission is a prerequisite to the maintenance of a Title VII and/or ADEA action.[1]  United Air Lines v. Evans, 431 U.S. 553 (1977); Oscar Mayer v. Evans, 441 U.S. 750, 756 (1978); Singletary v. District of Columbia, 351 F.3d 519, 522 n 4 (D.C. Cir. 2003).  When a person chooses to file a charge of discrimination initially with the EEOC – as Plaintiff did here, it must be filed within 180 days after the precise act of alleged discrimination occurred.  42 U.S.C. § 2000e-5(e)(1); AMTRAK v. Morgan, 536 U.S. 101, 114 (2002).  As the D.C. Circuit explained:

> For appellant's EEOC complaint to have been timely, the precise unlawful employment practice of which he complains must have occurred within 180 days of his EEOC filing[.]

Currier v. Radio Free Europe/Radio Liberty, 159 F.3d 1363, 1366 (D.C. Cir. 1998). Thus, the date of the EEO filing establishes a de facto limitations period reaching back 180 days from the date of filing.  To be actionable, AMTRAK v. Morgan, 536 U.S. 101, 114 (2002), then, the "precise" unlawful employment practice must have allegedly occurred during those 180 days. Because Plaintiff filed her charge with the EEOC on or about August 11, 2003, see Exhibit 1,

---

[1] Plaintiff labels Count III as a Title VII claim.  The substance appears to be an ADEA claim.  This brief discusses both.

only conduct allegedly occurring after February 12, 2003 might be actionable.  With respect to the ADEA, the relevant date of the alleged adverse action or alleged discrimination is October 15, 2002.

When analyzing whether a plaintiff has properly exhausted his or her administrative remedies, a hostile work environment claim is treated as a single discriminatory act, even though it may be comprised of several separate incidents.  Morgan, 536 U.S. at 116; Vickers v. Powell, 2005 U.S. Dist. LEXIS 35260, *97 (D.D.C. 2005).  To determine whether the acts alleged comprise a single hostile work environment or discrete discriminatory acts, however, requires an analysis of whether the distinct alleged incidents of hostility are actually related.  It is not enough to allege, as Plaintiff did in Count III of her Complaint, that a series of distinct events and then claim that they are linked by the alleged hostility.  Vickers v. Powell, 2005 U.S. Dist. LEXIS 35260 (D.D.C. 2005)(citations omitted).

Although the D.C. Circuit has not specifically articulated the principles for determining which incidents properly comprise an alleged hostile work environment, other circuits have:

> As the Sixth Circuit described, Morgan "requires a trial court to determine whether purported incidents of harassment occurring outside the statutory period are *sufficiently related* to those incidents occurring within the statutory period as to form one continuous hostile work environment." "This is a very case-specific inquiry that the trial court is best-equipped to make." The Tenth Circuit provides a bit more guidance as to the relevant considerations: "To determine whether these acts are part of the same hostile work environment, Morgan advises looking at the type of these acts, the frequency of these acts, and the perpetrator of these acts." Under this test, the *Duncan* court excluded acts contributing to a hostile work environment from early in the plaintiff's career which "involved frequent instances of threatening physical and psychological harassment," when "the acts within the filing period involve off-color comments and rumor-spreading perpetuated by a completely different set of actors."

Vickers v. Powell, 2005 U.S. Dist. LEXIS 35260 (D.D.C. 2005)(citations omitted).  At least one court in this jurisdiction has found these principles to be persuasive and has applied them.  Id.

The incidents that Plaintiff alleges in support of her hostile work environment claim fall into two groups. The first group of allegations relates to her working conditions in and around September 2001. The second group of allegations relates to alleged inquiries about her retirements plans in January to July 2003. Because they allegedly occurred before October 15, 2002, the alleged incidents in the first group are timely for exhaustion purposes only if they are "sufficiently related" to the second group. They are not sufficiently related to the alleged events from within the statutory period, the 'second group,' for the purposes of being deemed part of a single allegedly hostile work environment under Morgan. First, the type of act in the first period is allegedly the placement in unpleasant working conditions; the type of act in the second period is allegedly age-related comments. The alleged perpetrator of the alleged acts is different. Plaintiff alleges that Colleen Whitmore is perpetrator of the second group; as for the first group, Plaintiff does not name a specific person. Finally, there is a long temporal gap. The first group of alleged acts appears to end in September 2001 or, at the latest, by late Fall 2001. The second group allegedly begins in April 2003 and continues until July 2003. The two groups of allegations are not sufficiently related to justify treating them as one act for the purposes of Morgan. Thus, if Plaintiff is to state a hostile work environment claim/constructive discharge claim, she must do so on the basis of the alleged events occurring ending in July 2003.

Plaintiff attempts to infer hostility based on age from inquiries about Plaintiff's retirement plans. However, it is well-established that "[R]easonable inquiries into an employee's retirement plans do not permit an inference of discrimination" based on age. Sprenger v. Federal Home Loan Bank of Des Moines, 253 F.3d 1106, 1113 (8th Cir. 2001); Montgomery v. John Deere & Co., 169 F.3d 556, 560 (8th Cir. 1999); Cox v. Dubuque Bank & Trust Co., 163 F.3d 492, 497-98 (8th Cir. 1998)(trial court abused its discretion in not instructing jury that an

employer may make reasonable retirement related inquiries).": <u>Lewis v. St. Cloud State Univ.</u>, 2005 U.S. Dist. LEXIS 29718 (D. Minn. 2005).  In the circumstances related by the complaint, it was certainly reasonable to make the alleged inquiries:  after all, Plaintiff's term appointment was about to expire.  Without the link from the alleged inquiries, the incidents comprising the alleged hostile work environment amount to nothing more than the non-actionable ordinary tribulations of the work place. As a result, Plaintiff does not state a hostile work environment claim.  Count III of Plaintiff's Complaint may therefore be dismissed as a matter of law.

### III.     CONCLUSION

Even accepting Plaintiff's allegations as true and granting her all reasonable inferences from those allegations, Plaintiff fails to state a claim upon which relief can be granted.  Plaintiff has not alleged that she experienced an adverse employment action or sufficient timely allegations to support a hostile work environment claim.  Plaintiff thus has failed to state a claim upon which relief may be granted.  This case should be dismissed.

Dated: January 18, 2006                    Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE  C. VALENTINE
Deputy Attorney General
Civil Litigation Division


/s/ Kimberly Johnson /wvh
KIMBERLY MATTHEWS JOHNSON
Chief, General Litigation I
D.C. Bar No. 435163

/s/ Wendel Hall
WENDEL V. HALL
Assistant Attorney General
D.C. Bar No. 439344
Suite 6S012
441 4th Street, N.W.
Washington, D.C. 20001
(202) 724-6608
(202) 727-0431 (fax)
E-mail: wendel.hall@dc.gov

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Motion to Dismiss For Failure To State A Claim, memorandum of points and authorities in support, and proposed Order was delivered to the chambers of The Honorable Thomas Hogan and to Plaintiff through the Court's ECF/CM system.

 /s/ Wendel Hall
WENDEL HALL
Assistant Attorney General

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| BILLIE SHEPPERD, <br><br> Plaintiff, <br><br> v. <br><br> DISTRICT OF COLUMBIA <br><br> Defendant. | ) <br> ) Civil Action No. 05-cv-02126 (TFH) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**ORDER**

Having considered Defendant's Motion to Dismiss for Failure to State a Claim, the memorandum of points and authorities in support, Plaintiff's Opposition, Defendant's Reply, if any, and the entire record herein, it is, this ____ day of ____, 2006:

ORDERED:   that Defendant's Motion to Dismiss for Failure to State a Claim shall be, and hereby is, GRANTED; and it is

FURTHER ORDERED:   that Plaintiff's Complaint shall be, and hereby is, DISMISSED with prejudice.

_____
Thomas F. Hogan
United States District Judge

14

cc:

Wendel V. Hall, Esq.
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C.   20001

Billie Sheppherd
3714 Huntington Street, NW
Washington, DC 20015