UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BILLIE SHEPPERD　　　　　　　　　　　*<br>　　　　　　　　　　　　　　　　　　*<br>　　　Plaintiff,　　　　　　　　　　　 *<br>　　　　　　　　　　　　　　　　　　*<br>　　　　v.　　　　　　　　　　　　　 *　　C.A. No.  05-02126 (TFH)<br>　　　　　　　　　　　　　　　　　　*<br>DISTRICT OF COLUMBIA　　　　　　 *<br>　　　　　　　　　　　　　　　　　　*<br>　　　Defendant.　　　　　　　　　　 *<br>_____ * | |

**REPORT OF THE PARTIES' RULE 16.3 CONFERENCE**

Counsel for the parties met on May 18, 2006 at the Offices of the Attorney General at One Judiciary Square. The parties discussed the topics required by LCvR 16.3 and this Court's Order and report as follows:

**Plaintiff's Factual Statement**

Plaintiff Billie Sheppard, a woman who filed her Compliant in this Court at age 65, seeks relief to address the harms she claims befell her due to her age, race and retaliation for protected activities while an employee of the District of Columbia government, the Defendant here. Ms. Sheppard began employment for Defendant in 1987, working until her involuntary termination on July 31, 2003. Complaint, ¶ 4. From 1998 until her termination, Ms. Sheppard served as a Public Health Analyst at the DS-13 grade level, working as a School Program liaison in District of Columbia's Department of Health. Id. at ¶ 6. Plaintiff claims that her environment was made unlawfully hostile by her supervisors, due to her age, race and retaliation, which also motivated her involuntary termination. Plaintiff's claims are based upon violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-et. seq. and the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. §621-et.seq.

**Defendant's Factual Statement:**

Ms. Billie Sheppard is the plaintiff in this case. Ms. Sheppard alleges that she began employment for Defendant in 1987, working until her retirement on July 31, 2003. From 1998 until her retirement, Ms. Sheppard alleges that she served as a Public Health Analyst at the DS-13 grade level, working as a School Program liaison in the Maternal and Family Health Administration (MFHA) in District of Columbia's Department of Health. Plaintiff asserts that Defendant 'terminated' her from employment because of her age, race and in retaliation for her complaints. Plaintiff's claims are based upon violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-et. seq. and the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. §621-et.seq. Defendant denies all allegations of wrongdoing and asserts that it terminated plaintiff for legitimate business reasons.

1. **Dispositive Motions**

Defendant believes that this case will ultimately be resolved by a dispositive motion and filed a motion to dismiss on January 18, 2006. Plaintiff disagrees and believes that a trial will be necessary.

The District of Columbia's motion was based upon the critical fact that Shepperd did not experience an adverse action, after an enlargement of 25 days, Shepperd opposed the motion on February 22, 2006. The District believes that discovery should be stayed until the Court resolves this motion. Plaintiff disagrees believing discovery can move forward pending the outcome of Defendant's motion.

2. **Joinder and Amendment; narrowing of issues**

The parties note that Defendant's dispositive motion is pending and thus no Answer has been filed. Plaintiff proposes that a deadline for joinder of additional parties and amendment of the pleadings should be thirty (30) days after the due date for Defendant's Answer.

Defendant proposes that a deadline of July 31, 2006 be set for Plaintiff's joinder of additional parties and amendment of the pleadings. Defendant will submit any amendments or seek to join any parties no later than August 31.

No factual or legal issues appear ripe for narrowing at this time.

**3.    Assignment to Magistrate Judge**

The parties do not believe this case should be assigned to a Magistrate Judge for all purposes but would consent to the assignment of this matter to a Magistrate Judge for settlement purposes only.

**4.    Settlement**

The parties are hopeful that the case may be resolved by settlement.

**5.    ADR**

The parties and counsel believe that ADR may be appropriate at the midpoint of discovery, in September 2006, if not otherwise settled.

**6.    Resolution by summary judgment or motion to dismiss; motions deadlines**

Defendant believes the case could be resolved by motion for summary judgment, while Plaintiff disagrees and believes the case should proceed to trial. The parties propose the following deadlines.

| | |
|---|---|
| Motion for Summary Judgment filed by: | December 1, 2006 |
| Opposition to Summary Judgment filed by: | January 8, 2007. |
| Reply in Support of Summary Judgment filed by: | January 30, 2007 |

       Decision on Motion for Summary Judgment:	March 1, 2007

**7.	Initial disclosures**

The parties have agreed to serve initial disclosures by June 30, 2006.

**8.	Discovery**

As indicated earlier, Defendant believes that discovery should commence only after the Court rules on the pending dispositive motion. Plaintiff does not agree to a stay of discovery. With this exception, the parties agree that a five-month discovery period appears appropriate in this case, with discovery to close on November 1, 2006. It should be noted that Plaintiff's counsel is expected to be in trial in late July. Parties agree that each side should receive twenty five (25) interrogatories, but Plaintiff proposes that each side receive ten (10) depositions, and Defendant proposes that the Court adhere to the limits outlined in its Standard Track from Appendix I, i.e., 5 depositions. If factual developments appear to warrant additional depositions, Defendant proposes that the parties will seek agreement with each other and propose any modifications to the limit.

The parties will propose a qualified protective order complying with the Health Insurance Portability and Accountability Act. The parties may propose another protective order relating to personnel information and will seek to arrive at stipulated protective orders, if necessary, before filing any motions for protective orders with the Court.

**9.	Expert witnesses**

Parties agree that the Court use the deadlines set for the "Standard Cases" in accordance with Appendix I. Plaintiff however, proposes that proponent, whether it be plaintiff or defendant submit its 26(a)(2) statement no later than 60 days following the date of the initial scheduling

conference, July 31, 2006, and opponent, either plaintiff or defendant, submit its 26(a)(2) report no later than 90 days following the date of the initial scheduling conference, August 28, 2006. Defendant alternatively proposes that Plaintiff must submit her 26(a)(2) report by July 31, 2006 and Defendant submit its 26(a)(2) report by August 28, 2006

**10.    Class Actions**

   This is not a class action lawsuit.

**11.    Bifurcation**

   Plaintiff does not believe that bifurcation of either the trial or discovery is necessary in this case. Defendant proposes two phases of discovery, one for written discovery and one for depositions. Defendant reserves the right to propose bifurcation of the trial in this matter.

**12.    Pretrial conference date**

   The parties agree that the pretrial conference should be set for the first available date that is forty-five to sixty days after the Court decides all post-discovery dispositive motion(s), should any be filed.

**13.    Trial date**

   Plaintiff requests that a firm trial date be set at the May 30, 2006 status conference. Defendant believes that the Court should set the trial date at the pretrial conference.

**14.    Special Issues**

   None.

Respectfully submitted,


_____
Gary T. Brown
Gary T. Brown & Associates, P.C.
320 Maryland Ave., NE
Suite 100

Washington, D.C. 20002
(202) 393-4900

Counsel for Plaintiff Shepperd

Dated: May 25, 2006

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____
KIMBERLY MATTHEWS JOHNSON
Chief, General Litigation I
D.C. Bar No. 435163

_____
WENDEL V. HALL
Assistant Attorney General
D.C. Bar No. 439344
Suite 6S012
441 4th Street, N.W.
Washington, D.C. 20001
(202) 724-6608
(202) 727-0431 (fax)
E-mail: wendel.hall@dc.gov