UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BILLIE SHEPPERD, | * |
| Plaintiff, | * |
| v. | *   C.A. No. 05-02126 (TFH) |
| DISTRICT OF COLUMBIA | * |
| Defendants. | * |

PLAINTIFF'S OPPOSITION TO DEFENDANT'S SUPPLEMENTAL
MEMORANDUM TO ITS MOTION TO DISMISS

Plaintiff, by and through her counsel, hereby submits her Opposition to Defendant's Supplemental Memorandum to its Motion to Dismiss, where it claims that service was not perfected. However, Plaintiff Shepperd, then acting pro se, and despite her inexperience and the misdirection she received, was able to complete proper service on the Mayor of the District of Columbia.

I.   Factual Statement

On November 1, 2005, Plaintiff Shepperd filed her complaint and summons with the Clerk of the Court. ECF Docket Entry #1. Upon submitting summons for both the Mayor of the District of Columbia and the Attorney General for the District of Columbia, Ms. Shepperd was informed that a summons did not need to be issued on the Mayor, but only on the City's Attorney General. (Declaration of Billie Shepperd at ¶1, attached as Exhibit 1). Only one summons was issued. ECF Docket Entry of November 3, 2005. On that same day, November 3, 2005, Plaintiff Shepperd contacted the Office of the Attorney General and was informed by a

staff member of the specific location where service should be completed. Id. at ¶2. Plaintiff then retained a process server to complete service on Defendant by serving the Attorney General of the District of Columbia. Although the process server was given conflicting directions as to where to complete service, service was accepted by Ms. Gail Rivers, Office of the Attorney General on November 3, 2005. A return of service affidavit was filed on November 4, 2005. ECF Docket Entry #2.

The following day, Plaintiff wrote to the Office of the Attorney General detailing the various instructions she received and requested clarification. (Attached as Exhibit 2). That same day she telephoned Ms. Rivers and Ms. Tabatha Braxton, in the Office of the Secretary. Upon speaking with them, Plaintiff Shepperd finally learned she could serve the Mayor by mailing a copy of the summons and complaint to Ms. Braxton's attention by certified mail. Shepperd Declaration at ¶6. (Exhibit 1). On the same day, Ms. Shepperd sent a copy of the summons and complaint to the Office of the Mayor, in care of Ms. Braxton by certified mail, return receipt requested. Shepperd Declaration at ¶2. Proof of receipt of the summons and complaint was returned to Plaintiff. ("green card" receipt attached as exhibit 3). Plaintiff thereafter received proof of service when the certified mail green card was returned to her. Thereafter, Ms. Shepperd sent by certified mail, return receipt, a copy of the summons and complaint to the Office of the Mayor, in care of Ms. Braxton.

II. <u>Plaintiff Shepperd Effected Proper Service on the Mayor of the District of Columbia</u>

Once a civil action is commenced against a local government, a defendant is provided notice and required to participate or risk default through service of a summons and complaint, pursuant to Rule 4 (j)(2), Fed. R. Civ. P.

To serve a government defendant, a plaintiff can affect service "by delivering a copy of the summons and of the complaint to its chief executive officer or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant." Fed. R. Civ. P. 4(j)(2).

Here two separate set of actions were pursued to effect service; Plaintiff Sheppard's certified mailing of the essential documents to the Mayor of the District of Columbia with proof of receipt and personal delivery by a retained process server, who is not a party to this action, upon the Attorney General of the District of Columbia.

Although Plaintiff Sheppard's efforts did comply with Rule 4 (j)(2)'s first alternative of serving the "chief executive officer" of the District, a separate subpart of Rule 4 prohibits a party from effectuating service. Rule 4 (c)(2), Fed. R. Civ. P. Thus Ms. Sheppard's efforts were successful only if they were done "in a manner prescribed by the law of" D.C., Fed. R. Civ. P. Rule 4 (j)(2)'s second method for proper service of a local government.

Under District of Columbia law, a plaintiff herself may affect service by mailing a copy of the summons, complaint and initial order by certified mail, return receipt requested, to the intended defendant. D.C. R. Civ. P. 4(c)(3). Although the Rule does not specifically include a party as a proper person to effect service by certified mail, [1] its failure to exclude parties differentiates it from service by personal delivery, which does exclude parties. D.C. R. Civ. P. 4(c)(2). [2] Further, the use of the word "also" clarifies that subsection (3) is a separate method for effecting proper service.

---

[1] "As to any defendant described in subdivisions (e), (f), (h), or (j), service also may be effected by mailing a copy of the summons, complaint and initial order to the person to be served by registered or certified mail, return receipt requested."

[2] "Service may be effected by any person who is not a party and who is at least 18 years of age."

3

Rules of statutory construction support Plaintiff's claim that she effected service on the Mayor. When two sections have different words, the presumption is that the lawmakers acted "intentionally and purposely in the disparate inclusion or exclusion." Russello v. United States, 464 U.S. 16, 23 (1983), cited in Burlington Northern & Santa Fe Railway Co. v. White, 548 U.S. ___, (slip opinion at 7-8)(No. 05-259, June 22, 2006).

Further, cases in this Court addressing proper service on the District speak in terms of the plaintiff as the server when mailing is involved. Byrd v. District of Columbia, 230 F.R.D. 56, 58 (D.D.C. 2005); Freeman v. Fallin, 210 F.R.D. 255, 256 (D.D.C. 2002), citing Lennon v. McClory, 3 F. Supp. 2d 1461, 1462 (D.D.C. 1998).

D.C. Rule 4 (j) requires service on both the Mayor and "Corporation Counsel", who has been replaced by an Attorney General for suits against the D.C. government. D.C. R. Civ. P. 4(j)(1).

Finally, pursuant to Mayor's Order 2004-77, pp. 3,6, the Mayor has designated the Office of the Secretary to receive legal process in actions against the District of Columbia.

Plaintiff therefore has complied with the service requirements of the Federal Rules of Civil Procedure 4(j) by following the method of service prescribed by the laws of the District of Columbia.

III.  Alternative Request

In the alternative, if the Court finds that Plaintiff Shepperd did not properly effect service under D.C.R. Civ. P. 4(j)(2), Plaintiff requests additional time under Fed. R. Civ. P. 4(m). Rule 4(m) provides that courts "shall extend the time for service for an appropriate period," provided that the plaintiff shows good cause for the failure to properly serve the summons and complaint upon the defendant in timely manner. Byrd, 230 F.R.D. at 59. As in Byrd, Plaintiff did

4

"precisely what she was advised to do by an agent of the Defendant and relied on the advice and direction she was given." Id. at 60. Further, Plaintiff was pro se at the time of service and should granted opportunity to effect service properly. See Freeman, 210 F.R.D. at 256.

IV.     Conclusion

For the foregoing reasons, Defendant's Supplemental basis for its Motion to Dismiss should be denied.

Respectfully submitted,

_____
Gary T. Brown,
D.C. Bar # 246314
GARY T. BROWN & ASSOCIATES, P.C.
320 Maryland Avenue, N.E.
Suite 100
Washington, D.C. 20002
(202) 393-4900