UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BILLIE SHEPPERD, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Civ. No. 05-2126 (TFH) |
| | ) |
| DISTRICT OF COLUMBIA, | ) |
| | ) |
|     Defendant. | ) |
| | ) |

**MEMORANDUM OPINION**

Alleging discrimination on the basis of age, race, and participation in protected activities, Billie Shepperd sued the District of Columbia under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 621 *et seq*. Pending before the Court is the District of Columbia's motion to dismiss for failure to state a claim and for insufficient service of process. The Court will deny the motion.

**I. BACKGROUND**

**A. Factual Background**

Beginning in 1987, Shepperd, a 65 year old "Black/Triracial" female, worked in the District of Columbia government for a little over fifteen years. Compl. ¶¶ 4, 6. From 1993 to 1997, Shepperd served as Executive Assistant, Bureau of School Health, Ambulatory Health Care Administration, at the DS-12/13 Grade Level. From 1998 until her termination on July 31, 2003, she served as a Public Health Analyst at the DS-13 Grade Level, working as the School Health Liaison, Maternal and Family Health Administration. Compl. ¶ 6.

In the midst of her service as a Public Health Analyst, Shepperd was transferred from the

Maternal and Family Health Administration to the Public Health Benefit Corporation, a non-governmental entity located on the grounds of the District of Columbia General Hospital that was preparing to close. Compl. ¶ 7. For over six months, Shepperd's office sat on a different floor than the Public Benefit School Health Program, to which she served as Liaison, and was isolated near a prison ward, and she had no working telephone or computer. Shepperd was also far removed from her immediate supervisor and all other Department of Health staff. Compl. ¶ 8.

In October of 2001, Colleen Whitmore became Shepperd's supervisor. Compl. ¶ 9. For the rating period of April 2001 to March 31, 2002, Whitmore rated Shepperd's performance as "Satisfactory." In July of 2002, however, Whitmore placed Shepperd on a ninety-day probation. *Id*. And, although Shepperd had always worked as a term appointee with thirteen-month renewal increments, Whitmore informed Shepperd that her term appointment would change to thirty-day increments. *Id*. Whitmore did not inform Shepperd of her deficiencies, if any existed, or provide her with assistance or an opportunity to correct any such deficiencies. Nor did Whitmore give Shepperd advance notice of her intent to change Shepperd's position status. *Id*.

On April 20, 2003, Shepperd filed a written complaint of discrimination, alleging hostile work environment, retaliation, and discrimination on the basis of age, in violation of District of Columbia personnel rules and regulations and Title VII. Compl. ¶ 10. Less than a month later, Whitmore asked Shepperd to put her intentions to retire in writing to the Director of Maternal Health and Family Administration, Marilyn Seabrooks-Myrdal. Compl. ¶ 12. After investigating Shepperd's discrimination complaint, the District's Department of Health Equal Employment Opportunity Office ("EEO Office") issued a report on July 18, 2003. Compl. ¶ 15. It concluded that Shepperd was subjected to disparate treatment and a hostile work environment and that

conversations concerning Shepperd's intent to retire were inappropriate and could serve as a basis for age discrimination. Compl. ¶ 17. Three days later, Shepperd was told that if she did not retire, she would lose her benefits, as the District was terminating her employment at the end of her thirty-day term. Compl. ¶ 18. Afraid of losing her benefits, Shepperd retired involuntarily. Compl. ¶ 19. On July 28, 2003, Seabrooks-Myrdal issued Shepperd a termination letter that would take effect in three days. The reason given for termination was that Shepperd's term position had expired. Compl. ¶ 20.

**B. Procedural History**

After pursuing her discrimination claim with the District of Columbia, Shepperd filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). Following investigation, the EEOC found reasonable cause to believe the District violated the ADEA. Compl. ¶ 22. Because it hoped the parties could amicably negotiate a settlement, the EEOC made no cause finding as to Shepperd's Title VII claims. *Id*. When settlement efforts failed, the EEOC issued a Notice of Right to Sue, which Shepperd received on August 5, 2005. Compl. ¶ 23. Shepperd then filed the instant lawsuit on November 1, 2005.

Two days after filing suit, Shepperd, through a non-party process server, delivered a copy of the summons and complaint to the Office of the Attorney General of the District of Columbia. Pl.'s Opp'n to Def.'s Suppl. Memo. 1-2. She filed a return of service affidavit the next day. *Id*. at 2. Following instructions from an employee of the Attorney General's Office and Tabitha Braxton of the Office of the Secretary of the District of Columbia, Shepperd sent a copy of the summons and complaint by certified mail, return receipt requested, to the Mayor of the District of Columbia, in care of Braxton, on November 5, 2005. *Id*. at 2. Shortly thereafter, Shepperd

received a return receipt signed by Braxton's agent.  *Id*.; Ex. 3, Pl.'s Opp'n to Def.'s Suppl. Memo.

After twice requesting an extension of time to answer, the District of Columbia responded to Shepperd's complaint on January 18, 2006, moving to dismiss under Rule 12(b)(6), Fed. R. Civ. P., for failure to state a claim upon which relief can be granted.  *See* Def.'s Mtn. Dismiss 1. Following Shepperd's opposition to its dismissal motion, the District filed a supplemental memorandum in support of its motion, claiming Shepperd insufficiently served process on the District and that this Court therefore lacks personal jurisdiction over it.  *See* Def.'s Suppl. Memo. 1.

## II. DISCUSSION

**A.**     **Shepperd properly served process on the District of Columbia**

The District of Columbia moves to dismiss pursuant to rules 12(b)(2) & (5), Fed. R. Civ. P., arguing that, although Shepperd served process on the Attorney General, her failure to serve process on the Mayor leaves this Court without personal jurisdiction over the District. Countering, Shepperd contends she properly served process on the Mayor by sending a copy of the complaint and summons to the Mayor by certified mail, return receipt requested.

To effect service of process on a state, municipal corporation, or other governmental organization, a plaintiff must either "deliver[] a copy of the summons and of the complaint to its chief executive officer," 4(j)(2), Fed. R. Civ. P., the District of Columbia Mayor here, or "serv[e] the summons and complaint in the manner described by the law of that state for the service of summons or other like process upon any such defendant," *Id*.

While Shepperd concedes she did not deliver the summons and complaint to the Mayor in

4

accordance with the first provision of Rule 4(j)(2), Fed. R. Civ. P., she contends she complied with the latter provision by following the District of Columbia's law of service. In pertinent part, that law provides:

> Service shall be made upon the District of Columbia by delivering . . . or mailing (pursuant to paragraph (c)(3)) a copy of the summons, complaint and initial order to the Mayor of the District of Columbia (or designee) and the [Attorney General[1]] of the District of Columbia (or designee). The Mayor and the [Attorney General] may each designate an employee for receipt of service of process by filing a written notice with the Clerk of the Court.

D.C. Super. Ct. Civ. R. 4(j)(1). Compliance with paragraph (c)(3) requires "mailing a copy of the summons, complaint and initial order to the person to be served by registered or certified mail, return receipt requested." D.C. Super. Ct. Civ. R. 4(c)(3). The Secretary of the District of Columbia is the Mayor's designee for receipt of service of process. *See Byrd v. District of Columbia*, 230 F.R.D. 56, 58 (D.D.C. 2005) (citing Mayor's Order 2004-77 ¶ 1). In addition to a plaintiff sending a copy of the summons and the complaint to the Secretary via certified mail, under District of Columbia law, effective service of process on the Mayor requires that the individual who acknowledges receiving such mail be an employee authorized to accept service of process. *See id*. at 58-59; *Eldridge v. District of Columbia*, 866 A.2d 786, 787-88 (D.C. 2004).

Here, Shepperd properly served the District of Columbia. After serving process on the Attorney General,[2] pursuant to instructions from the Attorney General's Office and Braxton of

---

[1] The Rule's text actually designates the "Corporation Counsel," rather than the Attorney General, as the official upon whom, along with the Mayor, a plaintiff must serve process; however, on May 26, 2004, the Office of the Corporation Counsel was renamed the Office of the Attorney General. *See Murray v. District of Columbia*, 870 A.2d 25, 26 n.1 (D.C. 2005) (citing Mayor's Order 2004-92, 51 D.C. Reg. 6052 (2004)).

[2] There is no dispute Shepperd served process on the Attorney General. Indeed, through a non-party process server, Shepperd delivered a copy of the summons and complaint to the Office

5

the Secretary's Office, Shepperd sent a copy of the summons and complaint by certified mail, return receipt requested, to "Mayor Anthony Wilson c/o Tabitha Braxton" at the Office of the Secretary's address. Ex. 3, Pl.'s Opp'n to Def.'s Suppl. Memo.; Decl. Shepperd ¶ 6. Shepperd received a return receipt indicating Braxton received the summons and complaint on November 7, 2005. Ex. 3, Pl.'s Opp'n to Def.'s Suppl. Memo. Additionally, the District of Columbia disputes neither Braxton's receipt of the summons and complaint nor Braxton's authorization to receive service of process for the Mayor. *Cf. Byrd*, 230 F.R.D. at 59 (finding plaintiff failed to effect service of process where "summons and complaint mailed to the proper address but opened by an individual not designated to receive service of process"). Consequently, the Court finds Shepperd complied with Rule 4(j), Fed. R. Civ. P., and Rule 4(j)(1), D.C. Super. Ct. Civ. R., and, thus, properly served process on the District of Columbia.

**B.     Shepperd's complaint states claims upon which this Court can grant relief**

The District of Columbia also moves to dismiss Shepperd's claims pursuant to Rule 12(b)(6), Fed. R. Civ. P., arguing the claims fail as a matter of law because: (1) Shepperd's retaliation and discrimination claims fail to allege any adverse actions, as Title VII and the ADEA require; and (2) Shepperd's hostile work environment claim is based on non-actionable, ordinary workplace tribulations. Shepperd counters that her complaint states facts supporting two valid claims of employment discrimination: hostile work environment and wrongful termination.

---

of the Attorney General. Decl. Billie Shepperd ¶ 3. She filed a return of service affidavit on November 4, 2005. Dkt. #2. Therefore, as the District of Columbia concedes, *see* Def.'s Suppl. Memo. 1, Shepperd properly served the Attorney General. *See* D.C. Super. Ct. Civ. R. 4(j)(1) & (c)(2).

1.     **Legal Standard**

A complaint need only include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Additionally, a pro se complainant's allegations are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).[3] Given the liberal pleading rules, a court will not grant a motion to dismiss under Rule 12(b)(6) unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) ("A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."). In reviewing a motion to dismiss under Rule 12(b)(6), a court must "treat the complaint's factual allegations as true and must grant plaintiff the benefit of all inferences that can be derived from the facts alleged." *Sparrow v. United Airlines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000) (internal citations and quotation marks omitted). Indeed, "the issue presented by a motion to dismiss is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Rochon v. Gonzales*, 438 F.3d 1211, 1216 (D.C. Cir. 2006) (quoting *Caribbean Broad. Sys. Ltd. v. Cable & Wireless PLC*, 148 F.3d 1080, 1086 (D.C. Cir. 1998)). And, in an employment discrimination case such as the present, a plaintiff "need not set forth the elements of a prima facie case at the initial pleading stage." *Sparrow*, 216 F.3d at 1113.

---

[3] While Shepperd is now represented by counsel, she filed the instant complaint pro se.

### 2. Analysis

#### a. Shepperd sufficiently stated claims for retaliation and discrimination

The District of Columbia argues that Shepperd's retaliation and discrimination claims fail because Shepperd has not alleged that she experienced any adverse actions. Shepperd's retaliation claim and discrimination claim both require a showing that her employer took an adverse action against her. *See Forkkio v. Powell*, 306 F.3d 1127, 1131-32 (D.C. Cir. 2002); *Passer v. Am. Chem. Soc'y*, 935 F.2d 322, 331 (D.C. Cir. 1991). "[A]n employee suffers an adverse employment action if he experiences materially adverse consequences affecting the terms, conditions, or privileges of employment or future employment opportunities such that a reasonable trier of fact could find objectively tangible harm." *Forkkio*, 306 F.3d at 1131 (citing *Brown v. Brody*, 199 F.3d 446, 457 (D.C. Cir. 1999)). A plaintiff need not show that the alleged retaliation or discrimination affected her pay or benefits. *See Rochon*, 438 F.3d at 1219-20. Indeed, "an adverse action may involve something short of what ordinarily would be considered a 'personnel action' (e.g., denial of promotion, discharge, salary reduction)." *Totten v. Norton*, 421 F. Supp. 2d 115, 120 (D.D.C. 2006) (citing *Stewart v. Evans*, 275 F.3d 1126, 1134 (D.C. Cir. 2002)). A plaintiff must, however, demonstrate that the "challenged action would have been material to a reasonable employee." *See Rochon*, 438 F.3d at 1219 (citation and internal quotation marks omitted).

Here, Shepperd's allegations regarding the adverse actions she suffered are sufficient to survive a motion to dismiss. In her retaliation claim, Shepperd alleges she was terminated because she filed a formal discrimination complaint. *See* Compl. Count I, pp. 6-7. As Shepperd states, termination is the "ultimate adverse action taken against an employee." Pl.'s Opp'n at 12.

Further, Shepperd's discrimination claim alleges she was transferred to a new location, where she was subjected to isolated and dangerous working conditions without the resources needed to perform her duties; that her employment contract was changed from a thirteen-month term to a one-month term; and that she was ultimately terminated from her position. *See* Compl. Count II, pp.7-8. The District has not shown that, as a matter of law, these alleged actions fail to qualify as "materially adverse consequences affecting the terms, conditions, or privileges of employment or future employment opportunities such that a reasonable trier of fact could find objectively tangible harm." *See Forkkio*, 306 F.3d at 1131. Consequently, Shepperd has alleged enough in support of her discrimination and retaliation claims to survive a motion to dismiss.

        **b.**        **Shepperd's hostile work environment claim alleges facts sufficient to survive a motion to dismiss**

The District contends Shepperd's hostile work environment claim alleges nothing more than that she experienced the ordinary tribulations of the work place and, therefore, the claim fails. Title VII prohibits an employer from discriminating against any individual with respect to compensation, terms, conditions, or privileges of employment because of race, color, religion, sex, or national origin. *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993). A plaintiff may establish a violation of Title VII by proving an employer created or condoned a discriminatorily hostile or abusive environment. *Meritor Sav. Bank, F.S.B. v. Vinson*, 477 U.S. 57, 66 (1986). Such an environment exists "[w]hen the workplace is permeated with 'discriminatory intimidation, ridicule and insult' that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.' " *Singletary v. District of Columbia*, 351 F.3d 519, 526 (D.C. Cir. 2003) (quoting *Meritor*, 477 U.S. at 65, 67). To

determine whether a hostile work environment exists, a court looks to the totality of the circumstances, including the frequency of the discriminatory conduct, its severity and offensiveness, and whether it interferes with an employee's work performance. *Harris*, 510 U.S. at 23.

Here, Shepperd's factual allegations are sufficient to insulate her hostile work environment claim from a motion to dismiss. She alleges she was subjected to a hostile work environment when she was transferred to an isolated and dangerous office that was not equipped with the resources necessary to perform her employment duties, was given a poor performance evaluation, had her employment contract changed from a thirteen-month term to a one-month term, was asked to put her intentions to retire in writing, and was ultimately terminated from her position. *See* Compl. Count III, pp. 8-10. The District does not contend the combination of these allegations are insufficient to state a claim; rather, it argues that Shepperd's hostile working environment claim must fail because the Court cannot consider allegations regarding her transfer and subjection to poor working conditions, as they are untimely, and that the remaining allegations are merely ordinary tribulations of the workplace that are not actionable under Title VII. *See* Def.'s P. & A. in Supp. of Mtn. to Dismiss 10-12.

Title VII requires a plaintiff to file a charge with the EEOC within 180 days "after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1). In a hostile work environment claim, however, consideration of the entire scope of the claim, "including behavior alleged outside the statutory time period, is permissible for the purposes of assessing liability, so long as an act contributing to that hostile work environment takes place within the statutory period." *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 105 (2002).

The District argues that the allegations regarding Shepperd's working conditions are not sufficiently related to the other alleged conduct to be part of a single hostile working environment claim under *Morgan*. Whether the alleged discriminatory acts Shepperd alleges to support her claim are sufficiently related to be considered part of a continuing violation is an issue of fact not appropriately decided on a motion to dismiss. Accordingly, the Court will not bar Shepperd from basing her hostile work environment claim on conduct outside the statutory period, provided Shepperd can meet the requirements set forth in *Morgan*.

Because she alleges acts that took place within the statutory period contributed to the hostile work environment, Shepperd meets the timing requirements of *Morgan*. In the 180 days prior to the filing of her charge, Shepperd alleges she was subjected to inquiries regarding her intentions to retire, that her benefits were threatened, and that she was issued two letters of termination. These allegations provide the timely acts required by *Morgan* to allow the Court to look at all of the circumstances to evaluate Shepperd's claim, including those that fall outside of the statutory filing period. *See Morgan*, 536 U.S. at 117 ("Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability."). Accordingly, Shepperd has alleged enough to be entitled to show that the cumulative effect of her allegations amount to a hostile work environment and, thus, to survive the motion to dismiss.

### III. CONCLUSION

Because Shepperd's complaint alleges facts sufficient to entitle her to present evidence to support her retaliation, discrimination, and hostile work environment claims, and because Shepperd properly served process on the District of Columbia, the Court will deny the District of

Columbia's motion to dismiss. An appropriate order will accompany this Memorandum Opinion.

October 3, 2006

>                              /s/
>                       Thomas F. Hogan
>                         Chief Judge