UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BILLIE SHEPPERD, | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 05-cv-02126 (TFH) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| DISTRICT OF COLUMBIA | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

**ANSWER**

Defendant District of Columbia, by and through undersigned counsel, answers the Complaint as follows,

**<u>FIRST DEFENSE</u>**

Plaintiff has failed to state a claim upon which relief can be granted.

**<u>SECOND DEFENSE</u>**

The District exercised reasonable care to prevent and correct promptly any allegedly unlawful behavior, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by the District or to avoid harm otherwise.

**<u>THIRD DEFENSE</u>**

In response to the numbered paragraphs of Plaintiff's Complaint, Defendant answers:

1.      Defendant admits that Plaintiff was an employee of the Government of the District of Columbia, but neither admits nor denies Plaintiff's allegation concerning her motives for bringing suit.  Defendant denies the second sentence of Paragraph 1 of Plaintiff's Complaint.

2.      Defendant neither admits nor denies the allegations contained in Paragraph 2 of Plaintiff's Complaint as they are legal conclusions as to which an answer is not required.

3.      Defendant neither admits nor denies the allegation contained in Paragraph 3 of Plaintiff's Complaint as it is a legal conclusion as to which an answer is not required.

### Parties

4.      Defendant admits that Plaintiff has both been an employee of the Public Benefit Corporation, an independent agency of the District of Columbia, and of the Government of the District of Columbia.  Defendant denies that Plaintiff's employment was terminated.

5.      Defendant District of Columbia is a body corporate for municipal purposes and is an "employer" under Title VII and the Age Discrimination in Employment Act.

### Alleged Factual Statement

6.      Defendant neither admits nor denies Plaintiffs "Triracial" status as it is vague and does not permit an answer.  Defendant admits the Plaintiff's age and the alleged dates of employment and pay grades.  Defendant denies the last sentence of Paragraph 6 of the Complaint.

7.      Defendant admits that the location of Plaintiff's employment changed at some time in the month of January, 2001.  Defendant neither admits nor denies the second sentence of Paragraph 7 as the word "ostensibly" is vague and does not permit an answer.  Defendant neither admits nor denies the last sentence of Paragraph 7 because the phrases "little notification" and

"adequate and necessary logistics and communications" are vague and merely state Plaintiff's subjective assessment of the transfer and, as a result, this allegation does not permit an answer.

8.      Defendant denies the allegations of Paragraph 8 of the Complaint.

9.      Defendant admits that Ms. Whitmore became Plaintiff's supervisor on or around October of 2001.  Defendant admits that Ms. Whitmore was Plaintiff's supervisor and rated her "satisfactory."  Defendant denies that Plaintiff was placed on probation.  Defendant admits that Plaintiff was told that her term appointment would only be renewed in 30-day increments. Defendant denies the allegations of sentences 4-6 of Paragraph 9 of Plaintiff's Complaint.

10.     Defendant admits that Plaintiff filed a complaint with the DOH EEO officer on or about April 20, 2003.

11.     Defendant admits that Plaintiff Sheppard's discrimination complaint was forwarded to the Department of Health EEO officer for investigation on or around May 1, 2003.

12.     Defendant denies the allegations contained in Paragraph No. 12.

13.     Defendant denies the allegations contained in Paragraph No. 13.

14.     Defendant admits that Plaintiff's employment with the Department of Health was extended for 30 days at the request of the Department of Health EEO Officer.

15.     Defendant admits that the Department's EEO officer made findings with respect to Plaintiff's complaint of discrimination.

16.     Defendant denies the allegations contained in Paragraph No. 16.

17.     Defendant admits that the report of the Department's EEO officer speaks for itself.

18.     Defendant denies the allegations contained in Paragraph No. 18.

19.    Defendant admits that Plaintiff retired.    Defendant denies that Plaintiff's retirement was involuntary or coerced.

20.    Defendant admits that Plaintiff's term position expired and that she was provided notice concerning its expiration.

21.    Defendant neither admits nor denies the allegations of Paragraph 21 of the Complaint because it lacks sufficient information to form a belief as to the truth of the matter asserted.

22.    Defendant neither admits nor denies the allegations of Paragraph 22 of the Complaint because it contains legal conclusions as to which no response is required.

23.    Defendant neither admits nor denies the allegations of Paragraph 23 of the Complaint because it contains legal conclusions as to which no response is required.

## COUNT I

Defendant objects to the presentation of Count I as it is not in separately numbered paragraphs as required by the Federal Rules of Civil Procedure.  Without waiving the foregoing objection, Defendant denies that it took any action for retaliatory reasons and denies that it violated Title VII or the ADEA.

## COUNT II

Defendant objects to the presentation of Count II as it is not in separately numbered paragraphs as required by the Federal Rules of Civil Procedure.  Without waiving the foregoing objection, Defendant denies that it violated the ADEA.  Defendant admits that Plaintiff is over 40 years of age.  Defendant admits that Plaintiff was appointed to a term position.  Defendant denies that Plaintiff performed excellently in her term position as School Liaison.  Defendant neither admits nor denies the allegation that Plaintiff had "no performance issues" as that term is

vague and ambiguous. Defendant denies that Plaintiff was "illegally cited" for performance issues. Defendant neither admits nor denies the findings of the Department's EEO officer as the report speaks for itself. Defendant denies that it violated the Age Discrimination in Employment Act.

## COUNT III

Defendant objects to the presentation of Count III as it is not in separately numbered paragraphs as required by the Federal Rules of Civil Procedure. Without waiving the foregoing objection, Defendant denies that it created a hostile work environment. Defendant denies that Plaintiff was physically endangered. Defendant denies that Plaintiff was isolated. Defendant neither admits nor denies Plaintiff's allegations regarding her work supplies or computer as it lacks sufficient information to form a belief as to the truth of the matter asserted. Defendant denies that Plaintiff's work site was intended to harass her. Defendant neither admits nor denies Plaintiff's allegations concerning the events of September 11, 2001 as it as it lacks sufficient information to form a belief as to the truth of the matter asserted. Defendant denies that any of its acts were discriminatory or negligent. Defendant denies that it violated Title VII.

## RELIEF REQUESTED

Defendant denies that Plaintiff is entitled to any relief whatsoever.

## FOURTH DEFENSE

Plaintiff has failed to exhaust administrative remedies, provided both by the federal government and by the District of Columbia government.

## FIFTH DEFENSE

Plaintiff's claims may be barred by the doctrines of issue preclusion and/or claim preclusion.

## SIXTH DEFENSE

Plaintiff unreasonably failed to mitigate her damages.

## SEVENTH DEFENSE

Plaintiff's age, race, and allegedly protected activity were not motivating factors in connection with any employment decision concerning Plaintiff.

## EIGHTH DEFENSE

The District acted at all times relevant herein consistently with all applicable laws, rules, regulations, constitutional provisions and standards of care.

## NINTH DEFENSE

The District reserves the right to assert any and all defenses which are supported by facts learned through discovery or at trial herein.

## TENTH DEFENSE

Plaintiff's claims may be barred in whole or in part by laches, lack of standing under Article III of the Constitution, and other recognized defenses to the issuance of equitable or declaratory relief.

## ELEVENTH DEFENSE

If it is determined that an agent or employee of the Defendant did a wrongful act, said act was not within the scope of employment of said agent or employee.

## TWELFTH DEFENSE

Any allegation of fact not specifically admitted is denied.

## JURY DEMAND

Defendant demands a jury trial with the maximum number of jurors permitted by law of all issues so triable.

Dated: October 30, 2006                    Respectfully submitted,

                                           ROBERT J. SPAGNOLETTI
                                           Attorney General for the District of Columbia

                                           GEORGE  C. VALENTINE
                                           Deputy Attorney General
                                           Civil Litigation Division


                                           /s/ Kimberly Johnson
                                           KIMBERLY MATTHEWS JOHNSON
                                           Chief, General Litigation I
                                           D.C. Bar No. 435163


                                           /s/ Wendel Hall
                                           WENDEL V. HALL
                                           Assistant Attorney General
                                           D.C. Bar No. 439344
                                           Suite 6S012
                                           441 4th Street, N.W.
                                           Washington, D.C.  20001
                                           (202) 724-6608
                                           (202) 727-0431 (fax)
                                           E-mail: wendel.hall@dc.gov