UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BILLIE SHEPPERD, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   C. A. No. 05-2126(TFH) |
| | * |
| DISTRICT OF COLUMBIA, | * |
| | * |
| Defendant. | * |
| _____ | * |

JOINT PRE-TRIAL STATEMENT

**I.     NATURE OF THE CASE;**

Plaintiff Billie Shepperd has filed a complaint alleging that both the creation of a hostile environment and her termination were due to discrimination because of her age and race and in retaliation for filing EEO complaints, while she was an employee of the Department of Health, an agency of the Government of the District of Columbia. Ms. Shepperd was employed as a Public Health Analyst DS 13 grade level in the DC Department of Health's Maternal and Family Health Administration. She served as a school health liaison responsible for program evaluation and administrative oversight of the public school's health policy. The aforementioned work was performed in collaboration with the Public Benefits Corporation located at DC General Hospital.

Plaintiff was not a permanent employee. She was a term employee appointed to consecutive employment contracts. In 2003, plaintiff was terminated when her appointment expired. Prior to 2003, plaintiff served in thirteen consecutive term appointments. Plaintiff claims each was automatically renewed, consistent with the

practice of the District of Columbia government.  Defendant asserts that the appointments were not automatically renewed.

Plaintiff asserts that her termination was involuntary because of age and race discrimination and in retaliation for her filing a complaint of discrimination.  Both DOH's EEO counselor and the United States Equal Employment Opportunity Commission found reasonable cause to believe the termination was due to age discrimination and in retaliation for filing an EEO complaint.

Defendant denies that plaintiff 's term appointment expired because of her age or in retaliation because she filed a complaint of discrimination. Further, Defendant submits that there is no basis whatsoever to conclude that Plaintiff's term appointment expired because of age discrimination or in retaliation for her filing a complaint of discrimination.

Plaintiff's also  alleges that in 2002 she was subjected to an unlawful hostile environment because she was moved from  Department of Health headquarters to the Public Benefits Corporation on the grounds of DC General Hospital. She asserts that she was reassigned without a working telephone and computer. She also asserts that she was assigned  to work in an isolated part of the building, made more hostile when PBC moved from the building shortly after her arrival and she was required to remain at DC General.  Defendant denies that plaintiff was subjected to an unlawful hostile environment because of her race or  age, claiming that such moves to other office space were nothing more than routine tribulations of the work place.

**II.    PLAINTIFF'S CLAIMS:**

1.    Plaintiff Shepperd claims she was subjected to age discrimination for the hostile work environment and her termination in violation of the Age Discrimination In Employment Act of 1967, as amended, 29 U.S.C. §621 et seq.

2.    Plaintiff Shepperd claims she was subjected to race discrimination for the hostile work environment and her termination, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq.

3.    Plaintiff Shepperd claims she was subjected to retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. and the Age Discrimination In Employment Act of 1967, as amended, 29 U.S.C. §621 et seq.

**III.    DEFENDANT'S DEFENSES:**

1. Defendant's deny that plaintiff was discriminated against because of her age, race or in retaliation for filing a complaint of discrimination.
2. Plaintiff's claim of age discrimination is unfounded because plaintiff was not a permanent employee but a 13 month term employee whose term expired June 30, 2003
3. Plaintiff has failed to mitigate her damages.
4. Plaintiff has failed to exhaust her administrative remedies.

**IV.    WITNESS SCHEDULE**

   **A.  PLAINTIFF'S PROPOSED WITNESS LIST**

| | |
|---|---|
| Abram, Joyce<br>Children's Hospital | Witness to hostile treatment in Plaintiff's workplace |
| James, Lorraine<br>Children's Hospital | Witness to hostile treatment in Plaintiff's workplace |
| Acers, Nadine | Co-worker in Director Buford's office who observed incidents of disparate treatment of Plaintiff Shepperd |
| McClain, Jose | Co-worker aware of Plaintiff's excellent performance |
| Kornac, Mary Francis<br>Center for Disease Control | Epidemiologist co-worker aware of excellent performance |
| Boddie, Rochelle<br>Medical Assistance Administration<br>DC Department of Health<br>825 North Capitol Street, NE, 4th Floor<br>Washington, DC 20002 | Witness will testify to conditions at DC General |
| Brooks, Joyce<br>Department of Health<br>825 North Capitol Street, NE,<br>Washington, DC 20002 | Witness will testify to methods for evaluation and DC supervision of employees |
| Brown, Bernadine Booker<br>Department of Health | EEO specialist who will testify to her investigation and DC factual findings regarding Ms. Shepperd's claims of discrimination |
| Buford, James | Director, DOH at the time of the relevant incidents. |
| Davis, Abraham | Co-worker who observed the treatment of Ms. Shepperd by supervisory personnel of DC Department of Health |
| Paula Senior Fisher Marshall<br>Northwest<br>Washington, D.C. 20015 | Third level supervisor of Ms. Shepperd who was aware of her treatment |
| Coleman, Lauren<br>Indian Head Highway<br>Maryland | Secretarial support who was assigned to work with plaintiff but never did |
| DeFlourmont, Colleen | Co-worker aware of excellent performance by Plaintiff |
| Fatah, Ellen Jung | Co-worker who observed mistreatment of Ms. Shepperd |

4

| | |
|---|---|
| Hyman, Marie | Co-worker who observed the hostile environment created for Ms. Shepperd |
| Jones, John<br>Department of Health<br>825 N. Capital St., NE<br>Washington, D.C. | personnelist at MFH, DOH responsible for implementing some of the discriminatory personnel actions |
| Lewis, Ronald<br>Department of Mental Health<br>64 New York Ave., NE<br>Washington, DC | former Deputy Director of DOH who was responsible for approving certain personnel actions which had an adverse effect on Ms. Shepperd |
| Pryor, Stanley<br>Mill Road<br>Mechanicsville, Virginia | Supervisor who rated Ms. Shepperd, without basis |
| Rodia, Frank<br>EEOC field office | EEOC investigator who uncovered facts supportive of Ms. Shepperd's EEOC complaint |
| Seabrooks, Marilyn | Supervisor responsible for the mistreatment of Ms. Shepperd |
| Stokes, Willie | Personnelist at DOH who was aware of the faulty evaluation by Stanley Pryor |
| Thompkins, Patricia | Prior supervisor who was aware of Ms. Shepperd's duties and levels of performance |
| Whitmore, Colleen<br>DC Department of Health<br>825 N. Capital St., NE<br>Washington, D.C. | Immediate supervisor of Ms. Shepperd |

Plaintiff Shepperd reserves the right to call all witnesses named by Defendant

## B. DEFENDANT'S PROPOSED WITNESS LIST

1. Colleen E. Whitmore
    Chief, Adolescent Health
    825 North Capitol Street, NE
    Washington, D.C. 20002

5

2. Marilyn Seabrooks Myrdal
   Silver Spring, Maryland

3. Ronald E. Lewis
   DC Department of Mental Health
   64 New York Avenue, N.E.
   Washington, DC 20002

4. Stanley A. Pryor
   Washington, DC

5. Rochelle Boddie
   Medical Assistance Administration
   DC Department of Health
   825 North Capitol Street, NE, 4th Floor
   Washington, DC 20002

6. John Jones
   825 North Capitol Street,
   Washington, DC 20002

7. Paula Senior Fisher Marshall
   Northwest
   Washington, D.C. 20015

8. Bernadine Booker- Brown
   825 North Capitol Street, NE
   Washington, DC 20002

9. Phyllis Mayo, Ph. D.
   Prince George's Health Department
   Prince George's County, Maryland

10. Jo-Ellen Gray
    Director of Personnel, Department of Health or Designee
    825 North Capitol Street, NE
    Washington, D.C. 20002

11. William Hunter
    825 North Capitol Street, NE
    Washington, DC 20002

12. Any witnesses named by plaintiff

   13.  Defendant reserves the right to call as witnesses, any and all physicians, nurses or other health care providers who have treated plaintiff during times applicable to this law suit.

   14.  Defendant reserves the right to call any individuals identified in any of plaintiff's answers to interrogatories or any depositions of plaintiff's.

V.  **EXHIBIT LIST :**

  A.  **Plaintiff's Exhibit List:**

1. Email from Ms. Shepperd to Colleen Whitmore, 5/16/03

2. Letter from Marilyn Seabrooks to Billie Shepperd, 7/28/03

3. Email from Billie Shepperd to Bernadine Brown, 6/25/02

4. Findings and Determination by Bernadine Brown, 7/22/03

5. Letter from Billie Shepperd to Marilyn Seabrooks, 7/22/03

6. Email from Frank Rodia to Attorney McDougal, 5/13/04

7. EEOC Determination in Davis v. D.C., No. 100 2004 0879  3/12/04

8. D.C.'s Position Statement to EEOC re: No. 100 2003 0748   12/9/03
    With attachments

9. EEOC Determination, EEOC Charge No. 100 2003 0748   7/12/04

10. EEO complaint by Sheila Shepperd to James Buford  4/20/03
    With attachments

11. Memorandum from Stanley Pryor to Marilyn Seabrooks   5/3/01

12. Letter from Marilyn Seabrooks to Billie Shepperd   7/28/03

13. Self evaluation of Billie Shepperd with handwritten notes by Colleen Whitmore

14. EEOC Proposed Conciliation Agreement from Frank Rodia to EEOC  7/8/04

15. Personnel Action re: Billie Shepperd  # 757972   5/11/99

16. Request for Personnel Action, re: Billie Shepperd    6/9/03

17. Letter of Complaint from Billie Shepperd   5/20/03

18. Memorandum from Billie Shepperd to Stanley Pryor   3/16/01

19. Memoranda from Ms. Shepperd to her supervisors regarding the conditions of her work situation, including her problems with telephones and computers,   3/01

Plaintiff reserves the right to use any or all of the exhibits identified by Defendant

**B.  Defendant's Exhibit List:**

1. Position Description – Public Health Analyst

2. Position Vacancy Announcement DOH 98-109 Public Health Analysts (DS 685-13)

3. DC Personnel Regulations, Chapter 8, Career Service

4. Ltr.of  May 29, 2003, to plaintiff from Marilyn Seabrooks Myrdal

5. Personnel Action No. 578107- 7-18-02

6. Request for Personnel Action – Expiration of/Termination of Term Appointment 5-29-03

7. Ltr. of June 18, 2003 from Marilyn Seabrooks Myrdal to plaintiff

8. Performance Evaluation- Billie Shepperd, April 1, 2002- March 31, 2003

9. Performance Evaluation – Billie Shepperd December 12, 2001 -  March 31, 2002

10. Performance Evaluation – Billie Shepperd  April 01-000- March 31-01

11. E-mail dated May 6, 2001 from Rochelle Boddie to Stanley Pryor

12. Memo, Performance of Billie Shepperd, May 3, 2001, Stanley Pryor

**VI.    DEPOSITION TESTIMONY:**

Neither Plaintiff nor Defendant anticipates using deposition testimony for purposes other than impeachment of witnesses.

8

**VII.    RELIEF REQUESTED BY PLAINTIFF**

    A.    Monetary Relief:

| | |
|---|---:|
| Back Pay and loss of benefits: | $ 467,820 |
| Penalty (2x salary) for intentional discrimination | $ 444,263 |
| Interest on back pay & lost benefits | $ 57,000 |
| Compensatory Damages under Title VII | $ 300,000 |
| Attorneys' Fees   (approximately)[1] | $ 90,000 |
| Total Monetary Relief sought by Plaintiff: | $ 1,359,830 |

    B.    Equitable Relief

Plaintiff also seeks reinstatement to the position from which she was unlawfully removed, Public Health Analyst, at the DS-13/10 grade and step.

**VIII.   PARTIES' PROPOSED VOIR DIRE**

  A.   PLAINTIFF'S PROPOSED VOIR DIRE QUESTIONS

1)    Has any member of the panel been employed by the District of Columbia government?

Does any member of the panel have any relatives or close friends that have been employed by the District of Columbia Department of Health?

Has any member of the panel or relative or close friend been employed by D.C.'s Office of the Attorney General?

2)    Is any member of the panel familiar with the DS-level system and performance appraisal and rating system standards used for classifying and evaluating District of Columbia government employees?

---

[1] Plaintiff's request for attorneys fees would change with the need to have her counsel engage in further professional work.

9

3) Are any members of the panel college graduates? Do any members have graduate degrees?

(5) Are any members of the panel especially knowledgeable about maternal health issues or family health issues?

(6) Has any member of the panel previously sat on a jury? If so, was it civil or criminal and in state or federal court, and did the case go to completion or was it resolved prior to jury deliberation?

-If a panel member has had prior experience on a criminal trial, we respectfully request that the Judge distinguish between burden of proof in a civil trial versus a criminal trial.

(7) Has any member of the panel read anything in the media which has affected your opinion about the fairness of the jury system or the propriety of the size of jury verdicts?

(8) Does any member of the panel have any bias, prejudice or preconceived notions for or against parties who come to court and sue for, among other things, monetary damages?

(9) Does any member of the panel have any opinion, one way or the other, about whether a person can act with prejudice towards another because that person is a different sex?

(10) Does any member of the panel have any opinion, one way or the other, about whether a person can act with prejudice towards another because that person is a older, and at least over the age of 40?

(11) Does any member of the panel hold a position where you are responsible for hiring, promoting, evaluating or firing employees?

(12) Does any member of the panel have an opinion, one way or another, about whether it is wrong for an employer to take the age or race of a person into account in any personnel decision about that employee?

(13) Has any member of the panel been responsible for terminating another employee?

(14)  Has any member of the panel been terminated in his or her workplace?

(15)  Does any member of the panel believe that an employer can retaliate against an employee, even if that employee is still working for the employer?

(16)  Has any member of the panel, a member of their family, or a close friend, been involved in an EEO claim or union grievance against their employer?

(17)  Does any member of the panel have any opinion, one way or the other, about whether a person can act with prejudice towards another because that person has previously filed an EEO complaint.

(18)  If evidence shows that one individual was subjected to working conditions that were much less favorable than their co-workers, would any member of the panel be inclined to consider them harmed, even if that person has not been fired from the job?

(19)  Does any member of the panel believe that there is an amount of money that is too much to award as damages, regardless of the evidence of emotional distress or monetary loss suffered?

(20)  Does any member of the panel have any reason why you should not sit on this jury or do not want to sit on this jury or why you could not be impartial?

  B.  DEFENDANT'S PROPOSED VOIR DIRE QUESTIONS:

1.   Does anyone know any of the following listed witnesses?   (List both parties' witnesses.)

2.  Have you, any member of your immediate family or a close friend, ever had any formal legal training or is otherwise employed in the legal profession?

3.  Does anyone have any religious or political beliefs that preclude them from sitting on a jury or which will make it difficult for them to render a fair and impartial verdict based solely on the evidence presented?

4. Have you, a member of your immediate family or a close friend ever worked for the District of Columbia government, the federal government or any other state or local government?

5. a) Have you ever worked as a supervisor for any company or government?  b) If yes, have you ever had to discipline an employee?

6. Have you, a member of your immediate family or a close friend ever filed a lawsuit, or filed a claim for money, for any reason? If yes, was the lawsuit against the District of Columbia?

7. Have you ever been the defendant in a lawsuit, *i.e.* had a lawsuit filed against you?

8. Have you, a member of your immediate family or a close friend, ever filed an employment discrimination complaint or had an employment discrimination complaint filed against you?

9. Has an employer ever disciplined you?

10. Has an employer ever terminated your employment ?

11. Has an employer ever terminated your employment after your term of employment expired ?

12. Have you, a member of your immediate family or a close friend, ever had any contact with the D.C. Department of Health ?

13. Do any of you feel that where the District of Columbia is sued, you would be more likely to treat the City differently than if a private citizen were sued?

14. Have any of you ever sat on a jury before?  Of so, what kind of case?

15. Have any of you testified as a witness in any trial?  If so, what kind of case?

16. Have any of you heard anything about this case from any source prior to today?

17. Are there any other reasons that have not been disclosed by the previous questions, which you feel may affect your ability to sit as fair and impartial juror in this case?

18. The trial in this case is expected to last 4- 5 days. Is there something in your life that would prevent you from serving for this length of time ?

## IX. JURY INSTRUCTIONS

### A. PLAINTIFFS' PROPOSED STANDARD JURY INSTRUCTIONS:

Plaintiff's standard jury instructions are attached as Exhibit 1.

Plaintiff's non-standard jury instructions are attached as Exhibit 2.

### D. DEFENDANTS' PROPOSED STANDARD JURY INSTRUCTIONS:

Defendants reserve the right to submit standard and special instructions no later than 10 days before trial.

## X. SPECIAL VERDICT FORM

### A. PLAINTIFF'S SPECIAL VERDICT FORM

Plaintiff's Special Verdict Form is attached as Exhibit 3.

### B. DEFENDANT'S SPECIAL VERDICT FORM

## XI. ESTIMATED LENGTH OF TRIAL:

Plaintiffs estimate that a trial will last approximately one week.

Defendants estimate that a trial will last no more than one week.

## XII. MISCELLANEOUS MATTERS:

## I. PARTIES AND COUNSEL:

Counsel for Plaintiff: Gary T. Brown
        Gary T. Brown & Associates

        1111 14th Street, N.W.
        Suite 1000
        Washington, D.C 20005.
        202- 393-4900

Counsel for Defendant:  Melvin W. Bolden, Jr., Esquire
        Assistant Attorney General
        441 4th Street, N.W.
        Sixth Floor South
        Washington, D.C. 20001
        202 -724-5693

        Respectfully submitted by,

_____/s/_____
GARY T. BROWN         PETER J. NICKLES
Gary T. Brown & Associates     Interim Attorney General
1111 Fourteenth St., NW      for the District of Columbia
Suite 1000
Washington, D.C. 20005      GEORGE C. VALENTINE
(202) 393-4900          Deputy Attorney General
Attorney for Plaintiff Shepperd   Civil Litigation Division

         KIMBERLY MATTHEWS JOHNSON
         Chief, General Litigation Section I

        _____/s/_____
        MELVIN W. BOLDEN, JR.
        Assistant Attorney General
        441 4th Street, N.W., Sixth Floor South
        Washington, DC 20001
        (202) 724-5695