UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BILLIE SHEPPERD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 05-2126(TFH)(AK) |
| | ) | |
| DISTRICT OF COLUMBIA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

PLAINTIFF SHEPPERD'S STANDARD JURY INSTRUCTIONS

## 1-2 FUNCTION OF THE JURY

Your function as jurors is to decide the facts.  You are the sole and exclusive judges of the facts. You alone determine the weight, the effect and the value of the evidence, and the credibility or believability of the witnesses.

You should decide the facts only from a fair evaluation of all of the evidence, without prejudice, sympathy, fear or favor.

D.C. Standard Jury Instruction § 1-2

## 1-3    SIGNIFICANCE OF PARTY DESIGNATIONS

During the course of the trial, you have heard references to terms plaintiff and defendant. To put it as simply as possible, the plaintiff is the person who starts a lawsuit and the defendant is the person who is sued by the plaintiff.

During your deliberations, however, you must not attach any significance in weighing the evidence to the terms plaintiff and defendant. In other words, the fact that the plaintiff has filed a lawsuit against the defendant does not mean that the plaintiff is entitled to your verdict or that her evidence is entitled to greater weight than the defendant's evidence. A party must prove every element of his or her claim by a preponderance of the evidence before being entitled to prevail.

D.C. Standardized Jury Instruction § 1-3

## 1-4  JUROR'S DUTY TO DELIBERATE

It is your duty as jurors to consult with one another and to deliberate

expecting to reach an agreement. You must decide the case for yourself but you

should do so only after thoroughly discussing it with your fellow jurors. You

should not hesitate to change an opinion when convinced that it is wrong. You

should not be influenced to vote in any way on any question just because another

juror favors a particular decision or holds an opinion different from your own. You

should reach an agreement only if you can do so in good conscience. In other

words, you should not surrender your honest beliefs about the effect or weight of

evidence merely to return a verdict or solely because of other jurors' opinions.

D.C. Standardize Jury Instruction § 1-4

## 1-5  ATTITUDE AND CONDUCT OF JURORS

Remember that you are not advocates in this matter. You are neutral judges of the facts. The final test of the quality of your service will lie in the verdict which you return to this courtroom. You will make an important contribution to the cause of justice if you arrive at a just and proper verdict in this case. Therefore, during your deliberations in the jury room, your purpose should not be to support your own opinion but to determine the facts.

D.C. Standardized Jury Instruction § 1-5

## 1-6  INSTRUCTIONS TO BE
## CONSIDERED AS A WHOLE

You must treat and consider all of these instructions as a whole. You must

not single out any particular instruction or sentence while ignoring others. You

must give each instruction equal importance and consider each one equally with all

other instructions.

D.C.   Standardized Jury Instruction § 1-6

## 1-7 COURT'S COMMENTING

## ON THE EVIDENCE

The law permits me to comment to you about the evidence in this case, although I do not believe I have done so in this case.  But let me say that any comments I may have made about the facts do not bind you.  If, during the course of this trial, or the giving of these instructions, I have made or make any comment on any evidence, you are free to disregard the comment. Remember, you are the sole and exclusive judges of all questions of fact in this case.


D.C. Standardized Civil Jury Instructions § 1-7

## 1-8  COURT'S QUESTIONS TO WITNESSES

During the course of the trial, I may have asked questions of a witness, to obtain information or to bring out facts. You should not take my questions to witnesses as any indication of my opinion about how you should determine the facts.

D.C. Standardized Civil Jury Instruction § 1-8

## 1-9    JURY NOT TO TAKE CUE FROM JUDGE

If I have said or done anything at any time during this case, including giving these instructions, which seemed to indicate my opinion on any of these matters, then I instruct you to disregard that indication. Nothing I have said or done should influence or suggest to you that I favor any party in this case.

I have not meant to express, or to suggest, any opinion about which witnesses should be believed, or which facts are established.

D.C. Standardized Civil Jury Instruction § 1-9

## 1-10  RULINGS ON OBJECTIONS

There may have been times during the trial when a lawyer made an objection to a question asked by another lawyer or to an answer given by a witness. It is the duty of a lawyer to make objections if the lawyer believes something improper is being done. When I sustained an objection to a question, the witness was not allowed to answer it. Do not attempt to guess what the answer might have been had I allowed the question to be answered. Similarly, when I told you to disregard a particular answer -- when I ordered it stricken -- you should have put that statement out of your mind, and you may not refer to that stricken answer during your deliberations.

While it may have been natural for you to become impatient with the delay caused by objections or other portions of the proceedings, you must not let your feelings in any way affect your deliberations. Those interruptions concerned legal matters, while your job is to decide the facts. You should not be influenced by any lawyer's objections, no matter how I ruled upon them.

D.C. Standardized Civil Jury Instructions 1-10

## 1-11   QUALITY OF LITIGATIONS -- GOVERNMENT
## AGENCY/DISTRICT OF COLUMBIA

Our system of justice requires that you decide the facts of this case in an impartial manner. You must not be influenced by bias, sympathy, prejudice or public opinion. It is a violation of your sworn duty to base your verdict upon anything other than the evidence in the case.

In reaching a just verdict, you must consider and decide this case as an action between persons of equal standing in the community and of equal worth. A government agency like the Department of Health or a municipal corporation like the District of Columbia, whether large or small, has the same right to a fair trial as a private individual. All persons, including government agencies and municipal corporations, stand equal before the law and are to be treated as equals in this court. In other words, the fact that the defendant is the District of Columbia or the District of Columbia Department of Health must not affect your decision.

D.C. Standardized Civil Jury Instruction  § 1-11

## 2-1  EVIDENCE IN THE CASE

You may consider only the evidence properly admitted in the case. Evidence includes the sworn testimony of witnesses, exhibits admitted into evidence, and facts stipulated and agreed to by counsel. You may consider any facts to which all counsel have agreed or stipulated to be undisputed evidence.

D.C. Standardized Civil Jury Instruction § 2-1

## 2-3  INFERENCES

As I have said, in arriving at your verdict, you are to consider only the evidence in the case. When you are considering the evidence, however, you are not limited solely to the statements of the witnesses and exhibits. You are permitted to draw from the evidence any inferences or conclusions that reason and common sense lead you to make.  An inference is a deduction or conclusion which reason and common sense lead you to make from facts which have been proved.

D.C. Standardized Civil Jury Instruction § 2-3

## 2-4  INADMISSIBLE AND STRICKEN EVIDENCE

It is the duty of the lawyers to object when the other side offers testimony or other materials that a lawyer believes are not properly admissible in evidence.

If, during the course of the trial, I sustained an objection by one lawyer to a question asked by the other lawyer, you are to disregard the question and you must not guess about what the answer would have been. If a question was asked and the witness answered it, and I ruled that you should not consider the answer, then you must disregard both the question and the answer in your deliberations just as if the question and answer had never been spoken.

Likewise, if I sustained an objection to any exhibits or ordered them stricken, then those stricken exhibits are not evidence and you must not consider them.

D.C. Standardized Civil Jury Instruction § 2-4

## 2-5 STATEMENTS OF COUNSEL

Statements and arguments of the lawyers, such as their opening statements and closing arguments, are not evidence. They are intended only to help you understand and interpret the evidence from each party's perspective.

The questions that the lawyers ask are not evidence. A lawyer's question that contains an assertion of a fact does not provide evidence of that fact.

D.C. Standardized Civil Jury Instruction § 2-5

## 2-6  JURY'S RECOLLECTION CONTROLS

During this case, I or the lawyers may have called your attention to certain evidence. If you remember that evidence differently from the way I or the lawyers stated it, then you should disregard our characterization of the evidence and rely upon your own memory.  It is your recollection of the evidence that controls.

D.C. Standardized Civil Jury Instruction § 2-6

## 2-8  BURDEN OF PROOF

The party who makes a claim has the burden of proving it. This burden of proof means that the plaintiff must prove every element of her claim by a preponderance of the evidence. To establish a fact by a preponderance of the evidence is to prove that it is more likely so than not so. In other words, a preponderance of the evidence means that the evidence produces in your mind the belief that the thing in question is more likely true than not true.

If, after considering all of the evidence, the evidence favoring the plaintiff's side of an issue is more convincing to you, and causes you to believe that the probability of truth favors the plaintiff on that issue, then the plaintiff will have succeeded in carrying the burden of proof on that issue.

The term "preponderance of the evidence" does not mean that the proof must produce absolute or mathematical certainty. For example, it does not mean proof beyond a reasonable doubt as is required in criminal cases.

Whether there is a preponderance of the evidence depends on the quality, and not the quantity, of evidence. In other words, merely having a greater number of witnesses or documents bearing on a certain version of the facts does not necessarily constitute a preponderance of the evidence.

If you believe that the evidence is evenly balanced, on an issue the plaintiff

had to prove, then the plaintiff has not carried the burden of proof and your finding

on that issue must be for the defendant.


D.C. Standardized Civil Jury Instruction § 2-8

## 2-9    EVIDENCE PRODUCED BY ADVERSARY

In determining whether any fact has been proved by a preponderance of the evidence, you should consider all the evidence bearing upon that fact, regardless of who produced it. A party is entitled to benefit from all evidence that favors him or her whether he or she produced it or his or her adversary produced it.


D.C. Standardized Civil Jury Instructions § 2-9

## 2-10  DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence: direct and circumstantial. Direct evidence is the direct proof of a fact, such as the testimony of an eyewitness. Circumstantial evidence is indirect evidence of a fact which is established or logically inferred from a chain of other facts or circumstances. For example, direct evidence of whether an animal was running in the snow might be the testimony of a person who actually saw the animal in the snow. Circumstantial evidence might be the testimony of a person who saw the tracks of the animal in the snow, rather than the animal itself.

You may consider both types of evidence equally. The law makes no distinction between the weight to be given either direct or circumstantial evidence. The law does not require a greater degree of certainty for circumstantial evidence than of direct evidence. You should weigh all the evidence in the case, both direct and circumstantial, and find the facts in accordance with that evidence.

D.C. Standardized Civil Jury Instruction § 2-10

## 3-1  JURY TO DETERMINE
## CREDIBILITY OF WITNESSES

In evaluating the evidence and deciding what the facts are, you must consider and weigh the testimony of all the witnesses who have appeared before you. You are the sole judges of the credibility of the witnesses. In other words, you alone are to determine whether to believe any witness and to what extent any witness should be believed. If there is any conflict in the testimony between a witness's testimony and other evidence, it is your function to resolve the conflict and to determine where the truth lies.

In deciding the credibility of any witness, you may consider any matter that may have a bearing on the subject. You may consider the appearance and the behavior of the witness on the witness stand; whether the witness impresses you as a truthful individual; whether the witness impresses you as having an accurate memory and recollection; whether the witness has any motive for not telling the truth; whether the witness had full opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case; or whether the witness has any friendship or animosity toward other persons concerned in this case.

You may consider the reasonableness or unreasonableness, and the probability or improbability, of the testimony of a witness in determining whether

to accept it as true and accurate. You may consider whether the witness has been contradicted or corroborated by other credible evidence.

If you believe that any witness has shown himself to be biased or prejudiced, either for or against either side in this trial, you may consider and decide whether that bias or prejudice has colored the testimony of the witness so as to affect the witness's desire and capability to tell the truth.

You should give the testimony of each witness as much weight as in your judgment it is fairly entitled to receive.

D.C. Standardized Civil Jury Instruction  § 3-1

## 3-8  IMPEACHMENT BY PRIOR
## INCONSISTENT STATEMENTS

The testimony of a witness may be discredited or impeached by showing that he or she has previously made statements which are inconsistent with his or her present courtroom testimony. It is for you to decide whether a witness made a statement on an earlier occasion and whether it was in fact inconsistent with the witness's testimony in court here.

If a witness at trial has been confronted with a prior statement which that witness made, and that prior statement is inconsistent with his or her testimony here in court, then you may consider the prior statement when you assess the truthfulness of the testimony given in court.

If the witness made the prior inconsistent statement under oath subject to the penalty of perjury, then you may also treat that prior statement as evidence in this case -- that is, you may treat what the witness said in that prior statement as evidence like any other evidence in this case.

If you believe that any witness has been discredited or impeached, then you should give his or her testimony the weight, if any, that you judge it is fairly entitled to receive.

D.C. Standardized Civil Jury Instruction § 3-8

## 3-9  ADOPTING PRIOR

## INCONSISTENT STATEMENTS

If a witness testifies that a prior inconsistent statement is the truth, then you may consider the prior statement both to evaluate the witness's credibility and as evidence of the truth of any fact contained in that statement.

D.C. Standarized Civil Jury Instruction § 3-9

## 1-1  FUNCTION OF THE COURT

The function of the Court is to conduct the trial of the case in an orderly, fair, and efficient manner; to rule on questions of law that arise during the trial; and to tell you the law that applies to this case.

It is your duty to accept the law as I state it to you without questioning the wisdom of these instructions.  In other words, even if you disagree or do not understand the reasons for any of the instructions, you are bound to follow them.

D.C. Standardized Civil Jury Instruction § 1.1