UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BILLIE SHEPPERD, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   C. A. No. 05-2126(TFH) |
| | * |
| DISTRICT OF COLUMBIA, | * |
| | * |
| Defendant. | * |
| _____ | * |

**PLAINTIFF'S NON-STANDARD JURY INSTRUCTIONS**

**PLAINTIFF'S NON-STANDARD JURY INSTRUCTIONS NO.1**

**Nature of Allegations**

It is unlawful for an employer to fail or refuse to hire or promote or to discharge or demote an individual or to otherwise discriminate against an individual with respect to compensation, terms, conditions, or privileges of employment, because of the individual's race or age. Plaintiff in this case, Billie Shepperd alleges that Defendant, District of Columbia, intentionally created a hostile environment for her in her workplace because of her age and/or because of her race. Plaintiff also alleges that Defendant then intentionally terminated her because of her age and/or

her race. Defendant denies both these claims. It is your responsibility to determine whether Plaintiff has proven her claims by a preponderance of the evidence.

Source:         42 USC §2000(e)-2(a)

**PLAINTIFF'S NON-STANDARD JURY INSTRUCTIONS NO.2**

**Plaintiff's Burden — Preponderance of Evidence**

When I say that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean you must be persuaded, considering all the evidence in the case, that the proposition on which Ms. Shepperd has the burden of proof is more probably true than not true.

Carey v. Mt. Desert Island Hosp, 1998 US App LEXIS 21290 (1st Cir. 1998)

**PLAINTIFF'S NON-STANDARD JURY INSTRUCTIONS NO. 3**

**Title VII — Discrimination and Retaliation — Discriminatory Intent**

Proof of discriminatory intent is critical in this case. Discrimination is intentional if it is done voluntarily, deliberately, and willfully. Discriminatory intent may be proved either by direct evidence such as statements made by a person whose intent is at issue, or by circumstantial evidence from which you can infer a person's intent. Thus, in making a determination as to whether there was intentional discrimination in this case, you may consider any statement made or act done or omitted by a person whose intent is in issue, as well as all other facts and circumstances that indicate his or her state of mind. You may also infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. In order to prevail on his claim, Plaintiff must show that she was performing the position that she held, that she was terminated, and that age and/or her race was a motivating factor in the decision to terminate Plaintiff. Remember that Plaintiff must show only that age and/or race was a motivating factor in Defendant's decision to terminate her. She does not have to show that it was the only, or even a major, factor in Defendant's decision. If Defendant has offered a non-discriminatory reason or reasons for its decision to terminate Plaintiff and you believe that reason or reasons, then your verdict should be for Defendant. If, however, you do not believe that this reason or reasons were the real

reason or reasons for decision to terminate Plaintiff, you may find that Plaintiff has proven her claim of intentional employment discrimination, particularly if you believe that Defendant's representatives involved did not put forth honestly the reason or reasons for their decision.

Standing Orders, Jury Instructions – Title VII Discrimination, Magistrate Judge John M. Facciola, United States District Court for the District of Columbia

**PLAINTIFF'S NON-STANDARD JURY INSTRUCTIONS NO.3**

**Nature of Allegations**

It is unlawful for an employer to fail or refuse to hire or promote or to discharge or demote an individual or to otherwise discriminate against an individual with respect to compensation, terms, conditions, or privileges of employment, because of the individual's age and /or their race. Plaintiff in this case, Ms. Billie Shepperd alleges that Defendant, District of Columbia intentionally terminated her. Defendant denies the claim. It is your responsibility to determine whether Plaintiff has proven his claim by a preponderance of the evidence.

Source:   42 USC §2000e-2(a)

**PLAINTIFF'S NON-STANDARD JURY INSTRUCTIONS NO. 4**

**Direct vs. Indirect Evidence**

To prevail on a claim of gender discrimination, Plaintiff must prove by a preponderance of the evidence that Defendant had a reason or motive to discriminate against her when it terminated her employment. Plaintiff must prove, either directly or indirectly, that Defendant engaged in intentional discrimination.

Direct evidence of discrimination is evidence of remarks or actions that, if believed, would directly prove that Plaintiff's age and/or her race was a motivating factor in Defendant's treatment of Plaintiff.

Indirect or circumstantial evidence would include proof of a set of circumstances that would allow one to reasonably believe that age and/or race was a motivating factor in Defendant's treatment of Plaintiff.

42 USC §2000(e)-2(m); *McDonnell Douglas Corp. v. Green* 42 US 792 (1973); *Texas Dept. of Community Affairs v. Burdine,* 450 US 248 (1981)

**PLAINTIFF'S NON-STANDARD JURY INSTRUCTIONS NO. 5**

**Elements of Cause of Action**

Your verdict must be for Plaintiff and against Defendant on Plaintiff's age discrimination claim and on her race discrimination claim if all the following elements have been proved by the preponderance of the evidence:

1. Plaintiff was terminated by Defendant; and

2. Plaintiff's age and/or her race played a part in Defendant's decision to discharge Plaintiff.

If either of the above elements has not been proved by the preponderance of the evidence, your verdict must be for Defendant and you need not proceed further in considering this claim. You may find that Plaintiff's age and/or race played a part in Defendant's (decision) if it has been proved by a preponderance of the evidence that defendant's stated reason(s) for its adverse employment decision are a pretext to hide age and/or race discrimination.

Draft Model Jury Instructions (Civil) Eight Circuit §5:01; Model Jury Instructions (Civil) Ninth Circuit §12.1 (2002); 42 USC §§200-e-2a and 2m; *Washington v. Garrett,* 10 f.3d 1421, 1423 (9th Cir. 1993).

**PLAINTIFF'S NON-STANDARD JURY INSTRUCTIONS NO. 6**

**Plaintiff's Burden**

Plaintiff therefore has the burden of establishing that it is more likely than not that age and/or race was a motivating or determining factor in the firing of Plaintiff by Defendant. In other words, it is for the jury to determine, based on all the evidence, that it is more likely than not that Defendant's decision to terminate Plaintiff was motivated by age and/or race discrimination. If you find that Plaintiff was discharged for reasons other than [his/her] age or her race, you must find for Defendant.

Plaintiff need not show that age or race discrimination was the only or predominant factor that motivated Defendant. In fact, you may decide that other factors were involved as well in Defendant's decision-making process. In that event, in order for you to find for Plaintiff, you must find that he has proven that, although there were other factors, she would not have been terminated without the age and/or race discrimination.

*Carey v. Mt. Desert Island Hosp.,* 1998 US App. LEXIS 21290 (1st Cir. 1998).

**PLAINTIFF'S NON-STANDARD JURY INSTRUCTIONS NO. 7**

**Adverse Employment Action by Supervisor**

An adverse employment action by a supervisor is an action of the employer. Thus, if you find that a supervisor of Plaintiff Shepperd made the decision to terminate her because of her age and/or her race, then Defendant District of Columbia government, as the employer, is responsible for the harm the supervisor's actions caused to Plaintiff Shepperd.

Proposed Civil Pattern Jury Instructions – Employment Distcrimination (Disparate Treatement), Judge Hornby, United States District Court of Maine, §1.1 (2004)

**PLAINTIFF'S NON-STANDARD JURY INSTRUCTIONS NO. 8**

**Retaliation Claims**

Retaliation is the imposition of a job-related detriment or withholding of a job-related benefit by the employer, or by coworkers with the acquiescence of the employer, as a result of the employee's protest about age discrimination or race discrimination or the employee's resort to corrective mechanisms provided by the employer or governmental agencies.

Thus, if you find that her emplyer caused Ms. Shepperd harm because of her EEO complaints to her own agency or to the United States Equal Enployment Opportunity Commission, then you may find her harms were because of retaliation against Plaintiff.

*Knox v. State of Ind.,* 93 F.3d 1327, 1332 (7th Cir. 1996)

**PLAINTIFF'S NON-STANDARD JURY INSTRUCTIONS NO. 9**

**Title VII—Discrimination and Retaliation—Proof of Intent**

Proof of retaliatory intent is critical in this case. Retaliation is intentional if it is done voluntarily, deliberately, and willfully. Retaliatory intent may be proven either by direct evidence, such as statements made by a person whose intent is at issue, or by circumstantial evidence from which you can infer a person's intent. Thus, in making a determination as to whether there was intentional retaliation in this case, you may consider any statement made or act done or omitted by a person whose intent is in issue, as well as all other facts and circumstances that indicate his or her state of mind. You may also infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

Standing Orders, Jury Instructions – Title VII Discrimination, Magistrate Judge John M. Facciola, United States District Court for the District of Columbia

**PLAINTIFF'S NON-STANDARD JURY INSTRUCTIONS NO. 10**

**Hostile Environment – Elements**

Your verdict must be for Plaintiff Shepperd and against Defendant if all of the following elements have been proven by a preponderance of the evidence:

First, Plaintiff Shepperd was subjected to working conditions when she was involuntarily transferred to DC General Hospital when she was isolated and required to work alone, she was in close contact with male prisoners, she was without a working telephone or a working computer and because of these conditions she had great difficulty in performing her assigned duties;

Second, Plaintiff made her conditions known to her supervisors and that those conditions were unwelcome for her;

Third, the situation was created by her supervisors because of her age and/or her race or were created in retaliation for her complaints of discrimination;

Fourth, Plaintiff's working conditions were sufficiently severe or pervasive that a reasonable person in Ms. Shepperd's position would find Plaintiff's working conditions to be hostile or abusive; and

Fifth, at the time such conditions were created and and a result of those conditions, Plaintiff Shepperd believed her work environment to be hostile.

If any of the above elements ahs not been proved by a preponderance of the evidence, your verdict must be for Defendant and you need not proceed further in considering this claim.

Source:    Draft Model Jury Instructions (Civil), Eighth Circuit §5.42 (2004)

**PLAINTIFF'S NON-STANDARD JURY INSTRUCTIONS NO. 11**
**Title VII—Discrimination and Retaliation—Damages—Discrimination**

I will now give you instructions about how to calculate damages. You should not consider the fact that I am giving you this instruction as suggesting any view of mine as to which party is entitled to your verdict in this case or that I think that you should award any damages. Those decisions are entirely for you to make. I am giving you these instructions solely for your guidance in the event that you find in favor of Plaintiff on his claim against Defendant. The fact that I do does not in any way mean that I think you should award any damages; that is entirely for you to decide. If you find for Plaintiff on his claim that Defendant discriminated against him/her because of his sex or age, then you must determine whether he is entitled to damages in an amount that is fair compensation. You may award compensatory damages only for injuries that Plaintiff proved were caused by Defendant's allegedly wrongful conduct. The damages that you award must be fair compensation, no more and no less. You may award compensatory damages for emotional pain and suffering, inconvenience, and mental anguish if you find that they were caused by Defendant's discrimination. No evidence of the monetary value of such intangible things as pain and suffering has been or need be

introduced into evidence. There is no exact standard for fixing the compensation to be determined for these elements of damage. Any award you make should be fair in light of the evidence produced at trial. In determining the amount of damages, you should be guided by dispassionate common sense. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guess work. On the other hand, the law does not require that Plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit. You may not consider the amount of lost wages or other benefits, if any, claimed by Plaintiff in this case. Likewise, you may not consider the cost to Plaintiff of hiring an attorney. Those attorneys' fees and lost wages are determined by the court, if necessary, and may not be included in your damages award.

Standing Orders, Jury Instructions – Title VII Discrimination, Magistrate Judge John M. Facciola, United States District Court for the District of Columbia

                                                Respectfully submitted,

                                                _____
                                                Gary T. Brown
                                                D.C. Bar No. # 246314
                                                GARY T. BROWN & ASSOCIATES
                                                1111 Fourteenth St., N.W.
                                                Suite 1000
                                                Washington, D.C. 20005
                                                (202) 393-4900
                                                *Attorney for Plaintiff*