UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BILLIE SHEPPERD, )
)
Plaintiff, )
)
v. ) C. A. No. 05-2126(TFH)
)
DISTRICT OF COLUMBIA, )
)
Defendants. )
_______________________________ )

AMENDED PRE-TRIAL STATEMENT

**I. NATURE OF THE CASE;**

Plaintiff Billie Shepperd has filed a complaint alleging that both the creation of a hostile environment and her termination were due to discrimination because of her age and race and in retaliation for filing EEO complaints, while she was an employee of the Department of Health, an agency of the Government of the District of Columbia. Ms. Shepperd was employed as a Public Health Analyst DS 13 grade level in the DC Department of Health's Maternal and Family Health Administration. She served as a school health liaison responsible for program evaluation and administrative oversight of the public school's health policy. The aforementioned work was performed in collaboration with the Public Benefits Corporation located at DC General Hospital.

Plaintiff was not a permanent employee. [ She was a term employee appointed to consecutive employment contracts. In 2003, plaintiff was terminated when her appointment expired. Prior to 2003, plaintiff served in thirteen consecutive term

appointments. Plaintiff claims each was automatically renewed, consistent with the practice of the District of Columbia government.][1]

Plaintiff asserts that her termination was involuntary because of age and race discrimination and in retaliation for her filing a complaint of discrimination. Both DOH's EEO counselor and the United States Equal Employment Opportunity Commission found reasonable cause to believe the termination was due to age discrimination and in retaliation for filing an EEO complaint. [2]

Defendant denies that plaintiff 's term appointment expired because of her age or in retaliation because she filed a complaint of discrimination. Further, Defendant submits that there is no basis whatsoever to conclude that Plaintiff's term appointment expired because of age discrimination or in retaliation for her filing a complaint of discrimination.

Plaintiff's also alleges that in 2002 she was subjected to an unlawful hostile environment because she was moved from Department of Health headquarters to the Public Benefits Corporation on the grounds of DC General Hospital. [She asserts that she was reassigned without a working telephone and computer. She also asserts that she was assigned to work in an isolated part of the building, made more hostile when PBC moved from the building shortly after her arrival and she was required

[1] **Defendant objects to insert # 1 on the ground that it is inaccurate and misleading and argumentative. Pursuant to DC personnel law, plaintiff was a term employee whose term expired. She did not have a contract and she was not terminated. Plaintiff was not a permanent employee. It is not the practice of the District of Columbia Government to automatically renew a term appointment.**

[2] **Defendant objects to insert # 2 on the ground that such statement should be excluded from the nature of the case because its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury. *See*, Fed. R. of Evid., Rule 403. The statement is also should be excluded on the ground that it is hearsay. .**

to remain at DC General.][3] Defendant denies that plaintiff was subjected to an unlawful hostile environment because of her race or age, claiming that such moves to other office space were nothing more than routine tribulations of the work place.

## II. PLAINTIFF'S CLAIMS:

1. Plaintiff Shepperd claims she was subjected to age discrimination for the hostile work environment and her termination in violation of the Age Discrimination In Employment Act of 1967, as amended, 29 U.S.C. §621 et seq.

2. Plaintiff Shepperd claims she was subjected to race discrimination for the hostile work environment and her termination, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq.

3. Plaintiff Shepperd claims she was subjected to retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. and the Age Discrimination In Employment Act of 1967, as amended, 29 U.S.C. §621 et seq.

## III. DEFENDANT'S DEFENSES:

1. Defendant's denies that plaintiff was discriminated against because of her age, race or in retaliation for filing a complaint of discrimination.

2. Plaintiff has failed to mitigate her damages.

[3] **Insert # 3 is argumentative and is inappropriate language to be in a neutral statement of facts to be read to jury. Insert # 3 is objected to.**

3. Plaintiff has failed to exhaust her administrative remedies.

4 Plaintiff's age, race and allegedly protective activity were not motivating factors in connection with any employment decision concerning plaintiff.

5. If it is determined that an agent or employee of the defendant did a wrongful act, said act was not within the scope of employment of said agent or employee.

6. Plaintiff's claims may be barred by the doctrines of issue preclusion and /or claim preclusion.

7. Defendant denies it created a hostile work environment; that plaintiff was isolated; that plaintiff's work site change was intended to harass her; or that any of its acts were discriminatory or retaliatory. Defendant further denies that plaintiff was illegally cited for performance issues or that it violated the Age Discrimination in Employment Act.

.

## IV. WITNESS SCHEDULE

### A. PLAINTIFF'S PROPOSED WITNESS LIST

| | |
|---|---|
| Abram, Joyce *<br>Children's Hospital | Witness to hostile treatment in Plaintiff's workplace |
| James, Lorraine *<br>Children's Hospital | Witness to hostile treatment in Plaintiff's workplace |
| Acers, Nadine * | Co-worker in Director Buford's office who observed incidents of disparate treatment of Plaintiff Shepperd |
| McClain, Jose * | Co-worker aware of Plaintiff's excellent performance |
| Kornac, Mary Francis *<br>Center for Disease Control | Epidemiologist co-worker aware of excellent performance |
| Boddie, Rochelle<br>Medical Assistance Administration | Witness will testify to conditions at DC General |

DC Department of Health
825 North Capitol Street, NE, 4th Floor
Washington, DC 20002

| | |
|---|---|
| Brooks, Joyce<br>Department of Health<br>825 North Capitol Street, NE,<br>Washington, DC 20002 | Witness will testify to methods for evaluation and DC supervision of employees |
| Brown, Bernadine Booker *<br>Department of Health | EEO specialist who will testify to her investigation and DC factual findings regarding Ms. Shepperd's claims of discrimination |
| Buford, James | Director, DOH at the time of the relevant incidents. |
| Davis, Abraham | Co-worker who observed the treatment of Ms. Shepperd by supervisory personnel of DC Department of Health |
| Paula Senior Fisher Marshall<br>Northwest<br>Washington, D.C. 20015 | Third level supervisor of Ms. Shepperd who was aware of her treatment |
| Coleman, Lauren *<br>Indian Head Highway<br>Maryland | Secretarial support who was assigned to work with plaintiff but never did |
| DeFlourmont, Colleen * | Co-worker aware of excellent performance by Plaintiff |
| Fatah, Ellen Jung | Co-worker who observed mistreatment of Ms. Shepperd |
| Hyman, Marie * | Co-worker who observed the hostile environment created for Ms. Shepperd |
| Jones, John<br>Department of Health<br>825 N. Capital St., NE<br>Washington, D.C. | personnelist at MFH, DOH responsible for implementing some of the discriminatory personnel actions |
| Lewis, Ronald<br>Department of Mental Health<br>64 New York Ave., NE<br>Washington, DC | former Deputy Director of DOH who was responsible for approving certain personnel actions which had an adverse effect on Ms. Shepperd |
| Pryor, Stanley<br>Mill Road<br>Mechanicsville, Virginia | Supervisor who rated Ms. Shepperd, without basis |

| | |
|---|---|
| Rodia, Frank * <br> EEOC field office | EEOC investigator who uncovered facts supportive of Ms. Shepperd's EEOC complaint |
| Seabrooks, Marilyn | Supervisor responsible for the mistreatment of Ms. Shepperd |
| Stokes, Willie | Personnelist at DOH who was aware of the faulty evaluation by Stanley Pryor |
| Thompkins, Patricia * | Prior supervisor who was aware of Ms. Shepperd's duties and levels of performance |
| Whitmore, Colleen <br> DC Department of Health <br> 825 N. Capital St., NE <br> Washington, D.C. | Immediate supervisor of Ms. Shepperd |

Plaintiff Shepperd reserves the right to call all witnesses named by Defendant

*** Defendant objects to the introduction of the testimony of all witnesses who were not identified or disclosed during discovery. Plaintiff identifies for the first time ten witnesses whose testimony will be offered. *See*, Abston v Fitness Co., 216 F.RD. 143(D.D.C). Even if such testimony is relevant, its prejudical effect outweighs any probative value. *See* Fed R. Evid. 403. Consequently, the testimony of Joyce Abram, Lorraine James, Nadine Acers, Mary Francis Kornac, Lauren Coleman, Colleen DeFlourment, Marie Hyman, Frank Rodia and Patricia Thompson should be prohibited. *See*, also Fed. R. Civ Pro. Rule 37 ( c ) (1).**

*** Defendant objects to the testimony of Bernadine Brown as immaterial and irrelevant. Brown has no role in this case and any conclusions that she might have reached in her role as EEO officer at the DOH are based on inadmissible hearsay. She has not been offered as an expert and defendant objects to Ms. Brown stating her lay opinion in this case.**

**B. DEFENDANT'S PROPOSED WITNESS LIST**

1. Colleen E. Whitmore
   Chief, Adolescent Health
   825 North Capitol Street, NE
   Washington, D.C. 20002

Former supervisor of plaintiff. Was familiar with her work. (2 hrs.)

2 Marilyn Seabrooks Myrdal
Silver Spring, Maryland

Former long time Chief of plaintiff's division. Was familar with (2 hrs )
her work and working conditions.

3. Ronald E. Lewis
DC Department of Mental Health
64 New York Avenue, N.E.
Washington, DC 20002

Deputy of the Department of Health during the operative period. (2hrs.)
Familiar with policy direction of the agency, its staffing needs and its finances

4. Stanley A. Pryor
Washington, DC

Former supervisor of plaintiff. Observed her performance (2hrs)

5. Rochelle Boddie
Medical Assistance Administration
DC Department of Health
825 North Capitol Street, NE, 4th Floor
Washington, DC 20002

Former supervisor who attempted to work with plaintiff id the school Health.

6. John Jones
825 North Capitol Street,
Washington, DC 20002

Assistant in Maternal Health Division. .Familiar with plaintiff's (2 hrs.)
Responsibilities, assignments, work sites and performance.

7. Paula Senior Fisher Marshall
Northwest
Washington, D.C. 20015

Hi level manager at DOH. She attempted to counsel plaintiff. (2hr. )

8. Phyllis Mayo, Ph. D.
Prince George's Health Department
Prince George's County, Maryland
Former Chief of Staff to the director of DOH (2)

9 . Jo-Ellen Gray (2)
Director of Personnel, Department of Health or Designee
825 North Capitol Street, NE
Washington, D.C. 20002

Director of Personnel – Employee specialist.

10. William Hunter
825 North Capitol Street, NE
Washington, DC 20002

11 Any witnesses named by plaintiff

13. Defendant reserves the right to call as witnesses, any and all physicians, nurses or other health care providers who have treated plaintiff during times applicable to this law suit.

14. Defendant reserves the right to call any individuals identified in any of plaintiff's answers to interrogatories or any depositions of plaintiff's.

**V. EXHIBIT LIST :**

**A. Plaintiff's Exhibit List:**

1. Email from Ms. Shepperd to Colleen Whitmore, 5/16/03
2. Letter from Marilyn Seabrooks to Billie Shepperd, 7/28/03
3. Email from Billie Shepperd to Bernadine Brown, 6/25/02
4. Findings and Determination by Bernadine Brown, 7/22/03*
5. Letter from Billie Shepperd to Marilyn Seabrooks, 7/22/03
6. Email from Frank Rodia to Attorney McDougal, 5/13/04 *
7. EEOC Determination in Davis v. D.C., No. 100 2004 0879 3/12/04 *

8. D.C.'s Position Statement to EEOC re: No. 100 2003 0748 12/9/03 *
   With attachments

9. EEOC Determination, EEOC Charge No. 100 2003 0748 7/12/04 *

10. EEO complaint by Sheila Shepperd to James Buford 4/20/03 *
    With attachments

11. Memorandum from Stanley Pryor to Marilyn Seabrooks 5/3/01

12. Letter from Marilyn Seabrooks to Billie Shepperd 7/28/03

13. Self evaluation of Billie Shepperd with handwritten notes by Colleen Whitmore

14. EEOC Proposed Conciliation Agreement from Frank Rodia to EEOC 7/8/04 *

15. Personnel Action re: Billie Shepperd # 757972 5/11/99

16. Request for Personnel Action, re: Billie Shepperd 6/9/03

17. Letter of Complaint from Billie Shepperd 5/20/03

18. Memorandum from Billie Shepperd to Stanley Pryor 3/16/01

19. Memoranda from Ms. Shepperd to her supervisors regarding the conditions of her work situation, including her problems with telephones and computers, 3/01

Plaintiff reserves the right to use any or all of the exhibits identified by Defendant

**Defendant objects to Exhibits 6, 9 and 4 are the grounds that said documents are inmaterial as they play no role in this case and constitute inadmissible hearsay. Defendant objects to Exhibit 7 on the ground that said document is immaterial and irrelevant to this case. Further said document also constitutes inadmissible hearsay.**

**Defendant objects to Exhibit 8, because said is irrelevant and immaterial to this proceeding.**

**Defendant objects to Exhibit 10 on the ground that said document has no evidentiary value and is simply a recitation of plaintiff's allegations. Plaintiff has**

**Defendant objects to Exhibit 14 on the ground that said document appear to be a document arising out of or related to mediation and is not admissible pursuant to Fed. R. Evid. 408. See, also Wayne Inspection Company, Inc. v. Hex, 534 A2d. 1279, 1281(D.C. !987).**

**B. Defendant's Exhibit List:**

1. Position Description – Public Health Analyst
2. Position Vacancy Announcement DOH 98-109 Public Health Analysts (DS 685-13)
3. DC Personnel Regulations, Chapter 8, Career Service
4. Ltr.of May 29, 2003, to plaintiff from Marilyn Seabrooks Myrdal
5. Personnel Action No. 578107- 7-18-02
6. Request for Personnel Action – Expiration of/Termination of Term Appointment 5-29-03
7. Ltr. of June 18, 2003 from Marilyn Seabrooks Myrdal to plaintiff
8. Performance Evaluation- Billie Shepperd, April 1, 2002- March 31, 2003
9. Performance Evaluation – Billie Shepperd December 12, 2001 - March 31, 2002
10. Performance Evaluation – Billie Shepperd April 01-000- March 31-01
11. E-mail dated May 6, 2001 from Rochelle Boddie to Stanley Pryor
12. Memo, Performance of Billie Shepperd, May 3, 2001, Stanley Pryor

**Defendant reserves the right to offer into evidence any document listed by plaintiff.**

**VI. DEPOSITION TESTIMONY:**

Neither Plaintiff nor Defendant anticipates using deposition testimony for purposes other than impeachment of witnesses**.**

**VII. RELIEF REQUESTED BY PLAINTIFF**

A. Monetary Relief:

Back Pay and loss of benefits: $ 467,820

| | |
|---|---|
| Penalty (2x salary) for intentional discrimination | $ 444,263 |
| Interest on back pay & lost benefits | $ 57,000 |
| Compensatory Damages under Title VII | $ 300,000 |
| Attorneys' Fees (approximately)[4] | $ 90,000 |
| Total Monetary Relief sought by Plaintiff: | $ 1,359,830 |

B. Equitable Relief

Plaintiff also seeks reinstatement to the position from which she was unlawfully removed, Public Health Analyst, at the DS-13/10 grade and step.

## VIII. PARTIES' PROPOSED VOIR DIRE

A. PLAINTIFF'S PROPOSED VOIR DIRE QUESTIONS

1) 2) Has any member of the panel been employed by the District of Columbia government?

Does any member of the panel have any relatives or close friends that have been employed by the District of Columbia Department of Health?

Has any member of the panel or relative or close friend been employed by D.C.'s Office of the Attorney General?

3) Is any member of the panel familiar with the DS-level system and performance appraisal and rating system standards used for classifying and evaluating District of Columbia government employees?

4) Are any members of the panel college graduates? Do any members have graduate degrees?

(5) Are any members of the panel especially knowledgeable about maternal health issues or family health issues?

[4] Plaintiff's request for attorneys fees would change with the need to have her counsel engage in further professional work.

(6) Has any member of the panel previously sat on a jury? If so, was it civil or criminal and in state or federal court, and did the case go to completion or was it resolved prior to jury deliberation?

**Objection:**

**-If a panel member has had prior experience on a criminal trial, we respectfully request that the Judge distinguish between burden of proof in a civil trial versus a criminal trial.**

(7) Has any member of the panel read anything in the media which has affected your opinion about the fairness of the jury system or the propriety of the size of jury verdicts?

(8) Does any member of the panel have any bias, prejudice or preconceived notions for or against parties who come to court and sue for, among other things, monetary damages?

(9) Does any member of the panel have any opinion, one way or the other, about whether a person can act with prejudice towards another because that person is a different sex? **Defendant objects**

(10) Does any member of the panel have any opinion, one way or the other, about whether a person can act with prejudice towards another because that person is a older, and at least over the age of 40? Defendant objects

(11) Does any member of the panel hold a position where you are responsible for hiring, promoting, or firing employees?

(12) Does any member of the panel have an opinion, one way or another, about whether it is wrong for an employer to take the sex of a person into account in any decision to promote? Defendant objects

(13) Has any member of the panel been responsible for denying another employee a promotion?

(14) Has any member of the panel been denied a promotion in his or her workplace?

(15) Does any member of the panel believe that an employer can retaliate against an employee, even if that employee is still working for the employer? **Defendant objects**

(16) Has any member of the panel, a member of their family, or a close friend, been involved in an EEO claim or union grievance against their employer?

(17) Does any member of the panel have any opinion, one way or the other, about whether a person can act with prejudice towards another because that person has previously filed an EEO complaint. **Defendant objects**

(18) If evidence shows that one individual was given less benefits and less salary than other individuals, would any member of the panel be inclined to consider them harmed, even if that person has not been fired from the job? **Defendant objects**

(19) Does any member of the panel believe that there is an amount of money that is too much to award as damages, regardless of the evidence of emotional distress or monetary loss suffered? **Defendant objects**

(20) Does any member of the panel have any reason why you should not sit on this jury or do not want to sit on this jury or why you could not be impartial?

**Defendant objects to plaintiff's proposed voir dire questions numbered 6, 9, 15, 17, 18 and 19.**

B. DEFENDANT'S PROPOSED VOIR DIRE QUESTIONS:

1. Does anyone know any of the following listed witnesses? (List both parties' witnesses.)

2. Have you, any member of your immediate family or a close friend, ever had any formal legal training or is otherwise employed in the legal profession?

3. Does anyone have any religious or political beliefs that preclude them from sitting on a jury or which will make it difficult for them to render a fair and impartial verdict based solely on the evidence presented?

4. Have you, a member of your immediate family or a close friend ever worked for the District of Columbia government, the federal government or any other state or local government?

5. a) Have you ever worked as a supervisor for any company or government? b) If yes, have you ever had to discipline an employee?

6. Have you, a member of your immediate family or a close friend ever filed a lawsuit, or filed a claim for money, for any reason? If yes, was the lawsuit against the District of Columbia?

7. Have you ever been the defendant in a lawsuit, *i.e.* had a lawsuit filed against you?

8. Have you, a member of your immediate family or a close friend, ever filed an employment discrimination complaint or had an employment discrimination complaint filed against you?

9. Has an employer ever disciplined you?

10. Has an employer ever terminated your employment ?

11. Has an employer ever terminated your employment after your term of employment expired ?

12. Have you, a member of your immediate family or a close friend, ever had any contact with the D.C. Department of Health ?

13. Do any of you feel that where the District of Columbia is sued, you would be more likely to treat the City differently than if a private citizen were sued?

14. Have any of you ever sat on a jury before? Of so, what kind of case?

15. Have any of you testified as a witness in any trial? If so, what kind of case?

16. Have any of you heard anything about this case from any source prior to today?

17. Are there any other reasons that have not been disclosed by the previous questions, which you feel may affect your ability to sit as fair and impartial juror in this case?

18. The trial in this case is expected to last 4- 5 days. Is there something in your life that would prevent you from serving for this length of time ?

**IX. JURY INSTRUCTIONS**

**A. PLAINTIFFS' PROPOSED STANDARD JURY INSTRUCTIONS:**

Plaintiff's standard jury instructions are attached as Exhibit 1.

Plaintiff's non-standard jury instructions are attached as Exhibit 2.

**D. DEFENDANTS' PROPOSED STANDARD JURY INSTRUCTIONS:**

See, Attachment 1, Standard Jury Instructions

See, Attachment 2 Special Instructions

**X. SPECIAL VERDICT FORM**

**A. PLAINTIFF'S SPECIAL VERDICT FORM**

Plaintiff's Special Verdict Form is attached as Exhibit C.

B. **DEFENDANT'S SPECIAL VERDICT FORM**

. Defendant reserves the right to submit special verdict form no later that 5 days before trial.

**IX ESTIMATED LENGTH OF TRIAL:**

Plaintiffs estimate that a trial will last approximately one week.

Defendants estimate that a trial will last no more than one week.

**XII. MISCELLANEOUS MATTERS:**

**I. PARTIES AND COUNSEL**:

Counsel for Plaintiff: Gary T. Brown
Gary T. Brown & Associates
1111 14th Street, N.W.
Suite 1000
Washington, D.C 20005.
202- 393-4900

Counsel for Defendant: Melvin W. Bolden, Jr., Esquire
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C. 20001
202 -724-5693

Respectfully submitted by,

______________________
GARY T. BROWN
Gary T. Brown & Associates
1111 Fourteenth St., NW
Suite 1000
Washington, D.C. 20005
(202) 393-4900
Attorney for Plaintiff Shepperd

PETER J. NICKLES
Interim Attorney General
for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

KIMBERLY MATTHEWS JOHNSON

Chief, General Litigation Section I

__________/s/___________________
MELVIN W. BOLDEN, JR.
Assistant Attorney General
441 4th Street, N.W., Sixth Floor South
Washington, DC 20001
(202) 724-5695