UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BILLIE SHEPPERD, | * | |
| Plaintiff, | * | |
| v. | * | C. A. No. 05-2126(TFH) |
| DISTRICT OF COLUMBIA, | * | |
| Defendant. | * | |

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
TO AMEND THE PRE-TRIAL STATEMENT

On the eve of the pre-trial conference, literally, Defendant District of Columbia has filed a motion to amend the pre-trial statement. The motion violates this Court's Local Rule 7 [1] in that no knowledge of Defendant's plan to file a motion was previously discussed with Plaintiff's counsel nor did Defendant attempt to address its asserted concerns during the preparation of the Joint Pre-Trial Statement.

Further, Plaintiff sought the input of Defendant for the Joint Pre-Trial Statement that was being prepared, but did not receive any until the due date for filing. Defendant's counsel failed to respond to telephone messages that were left for him and did not reply until a letter was sent to him with a copy to his immediate supervisor. Plaintiff's Exhibit 1, attached hereto. Even then, Defendant's counsel promised a submission the day before the due date but did not send any material for the Joint Pre Trial Statement until almost noon on the due date.

---

[1] Local Rule 7 reads, in relevant part: Before filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel, either in person or by telephone, in a good faith effort to determine whether there is any opposition to the relief sought and, if there is opposition, to narrow the areas of disagreement.

The larger concern involves the substantive objections that counsel for Defendant raises in the motion for the first time, without provided Plaintiff a fair opportunity to respond.  This is compounded by the fact that Defendant did not file an appropriate Motion but merely annotated the Joint Pre-Trial Statement filed by Plaintiff.  Rather than putting in the time when the Court's schedule would have permitted a reasoned discussion of the parties' differences, Defendant's approach seems intended to merely unset the orderly preparations for trial.

Counsel for Plaintiff was away from his office for most of the day, attending a previously long-planned medical appointment and another meeting.  Counsel has been able to review the objections raised by Defendant but has not been able to verify the allegations asserted.  For example, Defendant objects to a key witness, Bernadine Booker Brown, who is an employee of Defendant and, in the course of her duties, gather facts relevant to this civil action.  Ms. Brown recorded those facts in the regular performance of her duties.  Yet, Defendant objects to her entire appearance as a witness, including as a basis an ill-founded hearsay objection.  F.R.E. 401, F.R.E. 801(d)(2) and F.R.E. 803 (6).

Plaintiff proposes three solutions to Defendant's motion: (1) denial of the motion, based on the failure to comply with Local Rule 7 or (2) delay of the pre-trial conference to either (a) allow the parties to resolve or at least narrow the difference between them or (b) to allow Plaintiff the opportunity to carefully examine the notations made by Defendant in its motion and to respond in a comprehensive manner.

 Plaintiff's first choice is the delay of the conference to allow the parties to resubmit a Joint Pre-trial where the issues are eliminated or narrowed for the Court.

However, due to the late filing of the motion and his absence from the office, counsel for Plaintiff has not been able to discuss these options with Defendant.

        Respectfully submitted,

_____
Gary T. Brown
D.C. Bar No. # 246314
GARY T. BROWN & ASSOCIATES
1111 Fourteenth St., N.W.
Suite 1000
Washington, D.C. 20005
(202) 393-4900
*Attorney for Plaintiff*