UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BILLIE SHEPPERD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C. A. No. 05-2126(TFH) |
| | ) |
| DISTRICT OF COLUMBIA, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

JOINT PRE-TRIAL STATEMENT

I.   NATURE OF THE CASE:

Ms. Billie Shepperd, the Plaintiff here, brings claims against her former employer, the Defendant District of Columbia, that it created a hostile work environment and that it terminated her employment due to discrimination because of her age and/or in retaliation for filing an EEO complaints while she was an employee of the Department of Health. Ms. Shepperd was employed as a Public Health Analyst DS 13 grade level in the DC Department of Health for sixteen years. She served as a school health liaison responsible for development of city wide health policy, program evaluation and administrative oversight of the school health policy. The aforementioned work was performed in collaboration with the Public Benefits Corporation.

Plaintiff was not a permanent employee.  She was a term employee who claims her employment was not renewed after she complained of age discrimination.  Defendant denies that plaintiff 's term appointment was not renewed because of her age or in retaliation for filing a complaint of discrimination. Defendant claims plaintiff's term

employment ended automatically on the expiration of her term on June 30, 2003. Prior to 2003, plaintiff served in thirteen consecutive term appointments, each of which was renewed.

Plaintiff's also alleges that in 2002 she was subjected to an unlawful hostile environment when she was moved from Department of Health headquarters to the Public Benefits Corporation on the grounds of DC General Hospital, because the work environment was very poor and she was assigned to work in an isolated part of the building. Defendant denies that plaintiff was subjected to an unlawful hostile environment because of her age, claiming that such moves to other office space were nothing more than routine tribulations of the work place.

## II.   PLAINTIFF'S CLAIMS:

1.   Plaintiff Shepperd claims she was subjected to age discrimination for the hostile work environment and her termination in violation of the Age Discrimination In Employment Act of 1967, as amended, 29 U.S.C. §621 et seq.

2.   Plaintiff Shepperd claims she was subjected to retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. and the Age Discrimination In Employment Act of 1967, as amended, 29 U.S.C. §621 et seq.

## III.   DEFENDANT'S DEFENSES:

1. Defendant's deny that plaintiff was discriminated against because of her age, race or in retaliation for filing a complaint of discrimination.
2. Plaintiff's claim of age discrimination is unfounded because plaintiff was not a permanent employee but a 13 month term employee whose term expired June 30 ,

   2003

   3. Plaintiff has failed to mitigate her damages.

   4. Plaintiff has failed to exhaust her administrative remedies.


IV.   **WITNESS SCHEDULE**

   A. **PLAINTIFF'S PROPOSED WITNESS LIST**

Boddie, Rochelle                    Witness will testify to conditions at DC General
Medical Assistance Administration
DC Department of Health
825 North Capitol Street, NE, 4th Floor
Washington, DC 20002

Brooks, Joyce                       Witness will testify to methods for evaluation and DC
Department of Health                supervision of employees
825 North Capitol Street, NE,
Washington, DC 20002

Brown, Bernadine Booker             EEO specialist who will testify to her investigation and DC
Department of Health                factual findings regarding Ms. Shepperd's claims of
                                    discrimination

Buford, James                       Director, DOH at the time of the relevant incidents.

Davis, Abraham                      Co-worker who observed the treatment of Ms. Shepperd by
                                    supervisory personnel of DC Department of Health

Paula Senior Fisher Marshall        Third level supervisor of Ms. Shepperd who was aware of
Northwest                           her treatment
Washington, D.C. 20015

Fatah, Ellen Jung                   Co-worker who observed mistreatment of Ms. Shepperd
717 14th Street, NW
Washington, DC  20005

Graham Carolyn                      Co-worker who observed the hostile environment created
                                    for Ms. Shepperd

Jones, John                         personnelist at MFH, DOH responsible for implementing
Department of Health                some of the discriminatory personnel actions
825 N. Capital St., NE
Washington, D.C.

3

| | |
|---|---|
| Pryor, Stanley<br>Mill Road<br>Mechanicsville, Virginia | Supervisor who rated Ms. Shepperd, without basis |
| Ridley, Robert | Co-worker who knew of harassment of Ms. Shepperd |
| Rodia, Frank<br>EEOC field office | EEOC investigator who uncovered facts supportive of Ms. Shepperd's EEOC complaint |
| Seabrooks, Marilyn | Supervisor responsible for the mistreatment of Ms. Shepperd |
| Shepperd, Sheila | Wrote to James Buford with EEO complaint for Plaintiff Aware of damages to Ms. Shepperd |
| Stokes, Willie | Personnelist at DOH who was aware of the faulty evaluation by Stanley Pryor |
| Thompkins, Patricia | Prior supervisor who was aware of Ms. Shepperd's duties and levels of performance |
| Whitmore, Colleen<br>DC Department of Health<br>825 N. Capital St., NE<br>Washington, D.C. | Immediate supervisor of Ms. Shepperd |

Plaintiff Shepperd reserves the right to call any of the witnesses named by Defendant

### B. DEFENDANT'S PROPOSED WITNESS LIST

1. Colleen E. Whitmore
   Chief, Adolescent Health
   825 North Capitol Street, NE
   Washington, D.C. 20002

   Former supervisor of plaintiff. Was familiar with her work. (2 hrs.)

2. Marilyn Seabrooks Myrdal
   Silver Spring, Maryland

   Former long time Chief of plaintiff's division. Was familiar with (2 hrs) her work, working conditions and unique plans for the division.

4

3. Ronald E. Lewis
   DC Department of Mental Health
   64 New York Avenue, N.E.
   Washington, DC 20002

   Deputy of the Department of Health during the operative period. (2hrs.) Familiar with policy direction of the agency, its staffing needs and its finances

4. Stanley A. Pryor
   Washington, DC

   Former supervisor of plaintiff. Observed her performance (2hrs)

5. Rochelle Boddie
   Medical Assistance Administration
   DC Department of Health
   825 North Capitol Street, NE, 4th Floor
   Washington, DC 20002

   Former supervisor who attempted to work with plaintiff id the school Health.

6. John Jones
   825 North Capitol Street,
   Washington, DC 20002

   Assistant in Maternal Health Division. .Familiar with plaintiff's (2 hrs.) Responsibilities, assignments, work sites and performance.

7. Paula Senior Fisher Marshall
   Northwest
   Washington, D.C. 20015

   Hi level manager at DOH. She attempted to counsel plaintiff.    (2hr. )

8. Phyllis Mayo, Ph. D.
   Prince George's Health Department
   Prince George's County, Maryland
   Former Chief of Staff to the director of DOH                (2)

9. Jo-Ellen Gray                                                (2)
   Director of Personnel, Department of Health or Designee

        825 North Capitol Street, NE
        Washington, D.C. 20002

        Director of Personnel – Employee specialist.

10.  William Hunter                                        (1)
     825 North Capitol Street, NE
     Washington, DC 20002

     Assistant to chief Maternal & Child Health

11.  Gerald Massengale                                    (1)
     825 North Capitol Street
     Washington, D. C 2002
     Facilities Maintenance

12.  Any witnesses named by plaintiff

13.  Defendant reserves the right to call as witnesses, any and all physicians, nurses or other health care providers who have treated plaintiff during times applicable to this law suit.

14.  Defendant reserves the right to call any individuals identified in any of plaintiff's answers to interrogatories or any depositions of plaintiff..

**V.   EXHIBIT LIST :**

**A.  Plaintiff's Exhibit List:**

1. Vacancy Announcement for Public Health Analyst as School Health Liaison  8/19/98
2. DC Personnel Action changing status 5/11/99
3. Work Plan for Billie Shepperd    2/26/01
4. Email Joy Phillips to Stanley Pryor  2/27/01
5. Performance rating for Billie Shepperd by Stanley Pryor  5/3/01
6. Email Rochelle Boddie to Stanley Prior  re: Billie Shepperd  5/6/01
7. Performance Evaluation for Billie Shepperd by Joyce Brooks  5/11/01
8. Memorandum  Billie Shepperd to Rochelle Boddie  10/15/01
9. Memorandum   Billie Shepperd to Rochelle Boddie  10/29/01
10. Email Colleen Whitmore to Marilyn Seabrook  12/23/01

11. Memo Billie Shepperd to Colleen Whitmore Re: Consortium 2/18/02
12. Email Billie Shepperd to Colleen Whitmore 3/18/02
13. Email Billie Shepperd to Bernadine Booker Brown 6/25/02
14. Work Plan for Billie Shepperd 12/02
15. Weekly Reports by Billie Shepperd between 12/01 – 3/03
16. Conference Summary by Billie Shepperd 1/23/03
17. Email re: canceled evaluation of Ms. Shepperd by Colleen Whitmore 4/1/03
18. Performance Evaluation for Billie Shepperd by Whitmore 4/7/03
19. EEO complaint for Billie Shepperd, Sheila Shepperd to James Buford 4/20/03
20. Letter of Complaint Billie Shepperd to James Buford 4/20/03
21. Email "retirement withdrawn" Billie Shepperd to Colleen Whitmore 5/16/03
22. Request for Termination form, 5/28/03
23. Termination letter Marilyn Seabrooks to Billie Shepperd 5/29/03
24. Letter Billie Shepperd to Colleen Whitmore 6/4/03
25. Email Billie Shepperd to Bernadine Booker Brown 6/6/03
26. Email Billie Shepperd to Bernadine Booker Brown 6/17/03
27. Termination Date Extended Marilyn Seabrooks to Billie Shepperd 6/18/03
28. Letter Bernadine Booker Brown to Billie Shepperd 7/18/03
29. Findings and Determination Bernadine Booker Brown 7/18/03
30. Letter re status of termination Billie Shepperd to Seabrooks 7/22/03
31. Emails Billie Shepperd to Marilyn Seabrooks re: status 7/22-24/03
32. Findings and Determination Bernadine Booker Brown 7/25/03
33. Email from Billie Shepperd to Bernadine Booker Brown 7/25/03
34. Email Marilyn Seabrooks to Billie Sheppard 7/28/03
35. Termination letter Marilyn Seabrooks to Billie Shepperd 7/28/03
36. Email Billie Shepperd to John Jones 7/30/03
37. Memorandum Billie Shepperd for John Jones 7/31/03
38. Outline for Meeting Billie Shepperd with David Catania 8/5/03
39. Charge of Discrimination with EEOC by Billie Shepperd 8/11/03
40. Defendant's Position Statement to EEOC 12/9/03
41. Position Vacancy Announcement Public Health Analyst 1/05/04

42. EEOC Determination re: Abraham Davis    3/12/04

43. Letter to DC Frank Rodia to Frank McDonald  5/13/2004

44. EEOC Determination  7/12/04

45. DC Municipal Regulations, §826

Plaintiff reserves the right to use any or all of the exhibits identified by Defendant

**B.  Defendant's Exhibit List:**

1. Position Description – Public Health Analyst

2. Position Vacancy Announcement DOH 98-109 Public Health Analysts (DS 685-13)

3. DC Personnel Regulations, Chapter 8, Career Service

4. Ltr.of  May 29, 2003, to plaintiff from Marilyn Seabrooks Myrdal

5. Personnel Action No. 578107- 7-18-02

6. Request for Personnel Action – Expiration of/Termination of Term Appointment 5-29-03

7. Ltr. of June 18, 2003 from Marilyn Seabrooks Myrdal to plaintiff

8. Performance Evaluation- Billie Shepperd, April 1, 2002- March 31, 2003

9. Performance Evaluation – Billie Shepperd December 12, 2001 -  March 31, 2002

10. Performance Evaluation – Billie Shepperd  April 01-000- March 31-01

11. E-mail dated May 6, 2001 from Rochelle Boddie to Stanley Pryor

12. Memo, Performance of Billie Shepperd, May 3, 2001, Stanley Pryor

**VI.    DEPOSITION TESTIMONY:**

Neither Plaintiff nor Defendant anticipates using deposition testimony for purposes other than impeachment of witnesses**.**

## VII.   RELIEF REQUESTED BY PLAINTIFF

    A.   Monetary Relief:

| | |
|---|---:|
| Back Pay and loss of benefits: | $ 467,820 |
| Penalty (2x salary) for intentional discrimination | $ 444,263 |
| Interest on back pay & lost benefits | $ 57,000 |
| Compensatory Damages under Title VII | $ 300,000 |
| Attorneys' Fees   (approximately)[1] | $ 90,000 |
| Total Monetary Relief sought by Plaintiff: | $ 1,359,830 |

    B.   Equitable Relief

Plaintiff also seeks reinstatement to the position from which she was unlawfully removed, Public Health Analyst, at the DS-13/10 grade and step.

## VIII.   PARTIES' PROPOSED VOIR DIRE

  A. PLAINTIFF'S PROPOSED VOIR DIRE QUESTIONS

1)   Has any member of the panel been employed by the District of Columbia government?

    Does any member of the panel have any relatives or close friends that have been employed by the District of Columbia Department of Health?

    Has any member of the panel or relative or close friend been employed by D.C.'s Office of the Attorney General?

2)   Is any member of the panel familiar with the DS-level system and performance appraisal and rating system standards used for classifying and evaluating District of Columbia government employees?

---

[1] Plaintiff's request for attorneys' fees would change with the need to have her counsel engage in further professional work.

9

3)      Are any members of the panel college graduates? Do any members have graduate degrees?

(5)     Are any members of the panel especially knowledgeable about maternal health issues or family health issues?

(6)     Has any member of the panel previously sat on a jury? If so, was it civil or criminal and in state or federal court, and did the case go to completion or was it resolved prior to jury deliberation?

-If a panel member has had prior experience on a criminal trial, we respectfully request that the Judge distinguish between burden of proof in a civil trial versus a criminal trial.

(7)     Has any member of the panel read anything in the media which has affected your opinion about the fairness of the jury system or the propriety of the size of jury verdicts?

(8)     Does any member of the panel have any bias, prejudice or preconceived notions for or against parties who come to court and sue for, among other things, monetary damages?

(9)     Does any member of the panel have any opinion, one way or the other, about whether a person can act with prejudice towards another because that person is a different sex?

(10)    Does any member of the panel have any opinion, one way or the other, about whether a person can act with prejudice towards another because that person is a older, and at least over the age of 40?

(11)    Does any member of the panel hold a position where you are responsible for hiring, promoting, evaluating or firing employees?

(12)    Does any member of the panel have an opinion, one way or another, about whether it is wrong for an employer to take the age or race of a person into account in any personnel decision about that employee?

(13)    Has any member of the panel been responsible for terminating another employee?

10

(14)    Has any member of the panel been terminated in his or her workplace?

(15)    Does any member of the panel believe that an employer can retaliate against an employee, even if that employee is still working for the employer?

(16)    Has any member of the panel, a member of their family, or a close friend, been involved in an EEO claim or union grievance against their employer?

(17)    Does any member of the panel have any opinion, one way or the other, about whether a person can act with prejudice towards another because that person has previously filed an EEO complaint.

(18)    If evidence shows that one individual was subjected to working conditions that were much less favorable than their co-workers, would any member of the panel be inclined to consider them harmed, even if that person has not been fired from the job?

(19)    Does any member of the panel believe that there is an amount of money that is too much to award as damages, regardless of the evidence of emotional distress or monetary loss suffered?

(20)    Does any member of the panel have any reason why you should not sit on this jury or do not want to sit on this jury or why you could not be impartial?

   B.  DEFENDANT'S PROPOSED VOIR DIRE QUESTIONS:

1.       Does anyone know any of the following listed witnesses?   (List both parties' witnesses.)

2.      Have you, any member of your immediate family or a close friend, ever had any formal legal training or is otherwise employed in the legal profession?

3.      Does anyone have any religious or political beliefs that preclude them from sitting on a jury or which will make it difficult for them to render a fair and impartial verdict based solely on the evidence presented?

4. Have you, a member of your immediate family or a close friend ever worked for the District of Columbia government, the federal government or any other state or local government?

5. a) Have you ever worked as a supervisor for any company or government? b) If yes, have you ever had to discipline an employee?

6. Have you, a member of your immediate family or a close friend ever filed a lawsuit, or filed a claim for money, for any reason? If yes, was the lawsuit against the District of Columbia?

7. Have you ever been the defendant in a lawsuit, *i.e.* had a lawsuit filed against you?

8. Have you, a member of your immediate family or a close friend, ever filed an employment discrimination complaint or had an employment discrimination complaint filed against you?

9. Has an employer ever disciplined you?

10. Has an employer ever terminated your employment ?

11. Has an employer ever terminated your employment after your term of employment expired ?

12. Have you, a member of your immediate family or a close friend, ever had any contact with the D.C. Department of Health ?

13. Do any of you feel that where the District of Columbia is sued, you would be more likely to treat the City differently than if a private citizen were sued?

14. Have any of you ever sat on a jury before? Of so, what kind of case?

15. Have any of you testified as a witness in any trial? If so, what kind of case?

16. Have any of you heard anything about this case from any source prior to today?

17. Are there any other reasons that have not been disclosed by the previous questions, which you feel may affect your ability to sit as fair and impartial juror in this case?

18. The trial in this case is expected to last 4- 5 days. Is there something in your life that would prevent you from serving for this length of time ?

## IX. JURY INSTRUCTIONS

### A. PLAINTIFFS' PROPOSED STANDARD JURY INSTRUCTIONS:

Plaintiff's standard jury instructions are attached as Exhibit 1.

Plaintiff's non-standard jury instructions are attached as Exhibit 2.

### D. DEFENDANTS' PROPOSED STANDARD JURY INSTRUCTIONS:

Defendants reserve the right to submit standard and special instructions no later than 10 days before trial.

## X. SPECIAL VERDICT FORM

### A. PLAINTIFF'S SPECIAL VERDICT FORM

Plaintiff's Special Verdict Form is attached as Exhibit C.

### B. DEFENDANT'S SPECIAL VERDICT FORM

## XI. ESTIMATED LENGTH OF TRIAL:

Plaintiffs estimate that a trial will last approximately one week.

Defendants estimate that a trial will last no more than one week.

## XII. MISCELLANEOUS MATTERS:

## I. PARTIES AND COUNSEL:

Counsel for Plaintiff: Gary T. Brown
                           Gary T. Brown & Associates

      1111 14th Street, N.W.
      Suite 1000
      Washington, D.C 20005.
      202- 393-4900


Counsel for Defendant: Melvin W. Bolden, Jr., Esquire
      Assistant Attorney General
      441 4th Street, N.W.
      Sixth Floor South
      Washington, D.C. 20001
      202 -724-5693


          Respectfully submitted by,


_____/s/_____
GARY T. BROWN       PETER J. NICKLES
Gary T. Brown & Associates    Interim Attorney General
1111 Fourteenth St., NW      for the District of Columbia
Suite 1000
Washington, D.C.  20005     GEORGE C. VALENTINE
(202) 393-4900        Deputy Attorney General
Attorney for Plaintiff Shepperd    Civil Litigation Division

             KIMBERLY MATTHEWS JOHNSON
             Chief, General Litigation Section I

           _____/s/_____
           MELVIN W. BOLDEN, JR.
           Assistant Attorney General
           441 4th Street, N.W., Sixth Floor South
           Washington, DC 20001
           (202) 724-5695