UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BILLIE SHEPPERD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C. A. No. 05-2126(TFH) |
| | ) |
| DISTRICT OF COLUMBIA, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## SUBMISSION TO THE COURT

Defendant, by and through counsel, respectfully submits its Objections to plaintiff's Witness List (Attachment A ) and Exhibit List (Attachment B). Said objections were submitted to plaintiff on Friday, May 2, 2008. The Joint Pretrial Statement filed herein this day omits defendant's objections.

        PETER J. NICKLES
        Interim Attorney General
        for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General
        Civil Litigation Division

        KIMBERLY MATTHEWS JOHNSON
        Chief, General Litigation Section I

        _____/s/_____
        MELVIN W. BOLDEN, JR.
        Assistant Attorney General
        441 4th Street, N.W., Sixth Floor South
        Washington, DC 20001
        (202) 724-5695

May 5, 2008

**WITNESS SCHEDULE- Attachment A**

   A.  PLAINTIFF'S PROPOSED WITNESS LIST

| | |
|---|---|
| Rachele Boddie | Supervisor of Plaintiff and school nurses at DC General (PBC) under contract with Children's Hospital |
| Joyce Brooks * | Previous supervisor who gave satisfactory evaluation. Environment at workplace |
| Bernadine Booker Brown* | Investigation of EEO charges |
| Buford, James | Director, DOH at the time of the relevant incidents. |
| Abraham Davis | Coworker who observed harassing actions |
| Fatah, Ellen Jung | Co-worker who observed mistreatment of Ms. Shepperd |
| Carolyn Graham | Coworker who observed harassing actions |
| John Jones | Personnel specialist who participated in harassing actions |
| Stanley Pryor | Manager who assisted in creating situations which harassed Plaintiff. Inappropriately evaluated Plaintiff |
| Robert Ridley | Coworker who observed harassing actions |
| Frank Rodia   * | EEOC investigator |
| Marilyn Seabrooks | Manager who created situations which harassed Plaintiff |
| Paula Senior Fisher | Manager who allowed situations which harassed Plaintiff and suggested she retire. |
| Sheila Shepperd* | Wrote to James Buford about harassment of Plaintiff |
| Willie Stokes | Personnel specialist who participated in harassing actions |

| | |
|---|---|
| Marie Tamasso* | EEOC District Director who found that discrimination occurring at DOH |
| Thompkins, Patricia * | Prior director/supervisor who was aware of Ms. Shepperd's duties and levels of performance |
| Lisa Thompson | Worked with Plaintiff on grant proposal |
| Colleen Whitmore | Supervisor who harassed Plaintiff |

Plaintiff Shepperd reserves the right to call all witnesses named by Defendant

- **Joyce Brooks- Defendant objects to the testimony of Joyce Brooks on the grounds that Ms. Brooks has no first hand knowledge of the allegations of the complaint. Therefore, her testimony is irrelevant and immaterial.**
- **Bernadine Booker Brown- Defendant objects to the testimony of Bernadine Booker Brown on the ground that Ms. Brown has no first hand knowledge of the objective facts. Ms. Brown has no role in this case other than as a EEO investigator who may or may not have investigated allegations similar to those allege in the complaint in this case. Further Ms. Brown has not been certified or offered as an expert witness and defendant objects to the introduction of opinion testimony by a lay witness on the ultimate question to be decided by the jury.**
- **Carolyn Graham _ Defendant objects to the introduction of the testimony of Carolyn Graham on the ground that she was not disclosed during discovery as required  by See, Fed. R. Civ. Pro. Rule 37  (c ) (1).**
- **Frank Rodia & Marie Tomasso-  Defendant objects to the testimony of Rodia & Tomasso on the ground that they have no  has no first hand knowledge of the objective facts.. Further they no role in this case other than as a EEO investigators who may or may not have investigated allegations similar to those allege in the complaint in this case. Further neither has  been certified or offered as an expert witness and defendant objects to the introduction of opinion testimony by a lay witnesses on the ultimate question to be decided by the jury.**
- **Patricia Thompson- Defendant objects to the testimony of Patricia Thompson  n the grounds that Thompson has no first hand knowledge of the allegations of the complaint during the operative period. Therefore, her testimony is irrelevant and immaterial.**

Attachment A

PLAINTIFF SHEPPERD'S EXHIBIT LIST  - Attachment B

.

1. Vacancy Announcement for Public Health Analyst as School Health Liason    8/19/98
2. DC Personnel Action changing status  5/11/99
3. Work Plan for Billie Shepperd   2/26/01
4. Email Joy Phillips to Stanley Pryor    2/27/01
5. Performance rating for Billie Shepperd by Stanley Pryor   5/3/01
6. Email Frank Rodia to Frank McDoungal *
7. Email Rochelle Boddie to Stanley Pryor  re: Billie Shepperd  5/6/01
8. Performance Evaluation for Billie Shepperd  Joyce Brooks  5/11/01*
9. Memorandum   Billie Shepperd to Rochelle Boddie 10/15/01
10. Memorandum   Billie Shepperd to Rochelle Boddie      10/29/01
11. Email Colleen Whitmore to Marilyn Seabrook  12/23/01
12. Memo Billie Shepperd to Colleen Whitmore Re: Consortium 2/18/02
13. Email Billie Shepperd to Colleen Whitmore  3/18/02
14. Email Billie Shepperd to Bernadine Booker Brown  6/25/02
15. Work Plan for Billie Shepperd   12/02
16. Weekly Reports by Billie Shepperd  between 12/01 – 3/03
17. Conference Summary by Billie Shepperd          1/23/03
18. Email re: canceled evaluation of Ms. Shepperd by Colleen Whitmore  4/1/03
19. Performance Evaluation for Billie Shepperd by Whitmore  4/7/03
20. EEO complaint for Billie Shepperd, Sheila Shepperd to James Buford  4/20/03 *
21. Letter of Complaint  Billie Shepperd to James Buford    4/20/03

22. Email "retirement withdrawn" Billie Shepperd to Colleen Whitmore 5/16/03
23. Request for Termination form,    5/28/03
24. Termination letter Marilyn Seabrooks to Billie Shepperd  5/29/03
25. Letter Billie Shepperd to Colleen Whitmore  6/4/03
26. Email Billie Shepperd to Bernadine Booker Brown  6/6/03
27. Email Billie Shepperd to Bernadine Booker Brown  6/17/03
28. Termination Date Extended Marilyn Seabrooks to Billie Shepperd 6/18/03
29. Letter Bernadine Booker Brown to Billie Shepperd 7/18/03 *
30. Findings and Determination Bernadine Booker Brown 7/18/03 *
31. Letter re status of termination Billie Shepperd to Seabrooks 7/22/03
32. Emails Billie Shepperd to Marilyn Seabrooks re: status 7/22-24/03
33. Findings and Determination  Bernadine Booker Brown 7/25/03 *
34. Email from Billie Shepperd to Bernadine Booker Brown  7/25/03
35. Email Marilyn Seabrooks to Billie Sheppard   7/28/03
36. Termination letter Marilyn Seabrooks to Billie Shepperd 7/28/03
37. Email Billie Shepperd to John Jones  7/30/03
38. Memorandum Billie Shepperd for John Jones    7/31/03
39. Outline for Meeting Billie Shepperd with David Catania 8/5/03 *
40. Charge of Discrimination with EEOC by Billie Shepperd  8/11/03 *
41. Defendant's Position Statement to EEOC   12/9/03 *
42. Position Vacancy Announcement Public Health Analyst 1/05/04
43. EEOC Determination re: Abraham Davis    3/12/04 *
44. Letter to DC Frank Rodia to Frank McDonald 5/13/20 04 *
45. EEOC Determination    7/12/04 *
46. DC Municipal Regulations, §826

## DEFENDANT' S OBJECTIONS to Plaintiff's Exhibits

**6.** Defendant objects to Exhibit 6 on the ground that said exhibit is irrelevant and immaterial to this proceeding. Defendant also objects because the email is inadmissible hearsay.

**8.** Defendant objects to Exhibit 8 on the ground that the performance evaluation for the term period 5/3/01 is irrelevant to this proceeding.

**20.** Defendant objects to Exhibit 20 on the ground that said document has no evidentiary value and is simply a recitation of the allegations in this case.

**29, 30, 33, 34, 45.** Defendant objects to the Exhibits 29, 30, 33, 34 and 45 regarding introduction of determinations of the EEOC and Department of Health EEO officer (Bernadine Brown). The documents are inadmissible hearsay and unreliable on their face. There is no indication in either document as to the nature of the review, whether the facts contained therein were elicited under oath, and if all persons who have information germane to this matter offered testimony. Defendant also objects on the ground that aforesaid exhibits should be excluded because its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury. *See*, Fed. R. of Evid. Rule 403. See, *Lathem v. Department of Children and Youth Services* 172 F3rd. 786, 791 (11th Cir. 1999) where it was concluded that trial court's admit EEOC determinations in bench trials but not in jury trials. See, also, *Beachy v. Boise Cascade Corp*. 191 F3rd. 1010. 1014-16 (9th Cir. 1999), cert denied, 529 U. S. 1021(2000).

**39, 43.** Defendant objects to Exhibits 39 and 43, on the ground that the aforesaid exhibits are irrelevant and immaterial to this proceeding. Defendant has not been given a copy of Exhibit 43 and reserves all rights thereto.

**41.** Defendant objects to Exhibit 41 on the ground that said document was prepared by attorneys for defendant in the course of litigation before the EEOC. It has no evidentiary value and is simply a lawyer's recitation of the position of the agency before the EEOC.

**44.** Defendant objects to Exhibit 44 on the ground that said exhibit is irrelevant and immaterial to this proceeding. Defendant also objects because the letter is inadmissible hearsay.

Attachment B

.

Case 1:05-cv-02126-TFH    Document 38    Filed 05/05/2008    Page 7 of 7