UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BILLIE SHEPPERD, | ) |
|     Plaintiff, | ) ) ) |
|         v. | ) C. A. No. 05-2126(TFH) ) |
| DISTRICT OF COLUMBIA, | ) ) |
|     Defendant. | ) ) |

MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM INTRODUCING INTO
EVIDENCE THE FINDINGS AND DETERMINATIONS OF
BERNADINE BOOKER BROWN

    Defendant, by and through counsel, respectfully move to preclude entry into Evidence the Findings and Determinations of Bernadine Booker Brown, Equal Employment Officer of the Department of Health dated July 22, 2003. See, Attachment B hereto.

    The grounds for the motion are that the Findings and Determinations of Bernadine Brown conclude that conversations and inquiries concerning plaintiff's intent to retire …" could be seen as a basis for age discrimination. The report however, does not provide the basis for such a conclusion nor does it identify the testimony or documents relied on. Having failed to establish that the report's conclusion is based on reliable evidence the report should not be introduced at trial because its prejudicial effect outweighs its probative value. See, Federal Rules of Evidence, Rule 403.

    Wherefore based on the foregoing, defendant respectfully requests that Findings and Determinations of Bernadine Booker Brown, Equal

Employment Officer of the Department of Health dated July 22, 2003, or any reference thereto be barred from the trial of this matter.

          PETER J. NICKLES
          Interim Attorney General
          for the District of Columbia

          GEORGE C. VALENTINE
          Deputy Attorney General
          Civil Litigation Division

          /s/
          _____
          KIMBERLY MATTHEWS JOHNSON # 435163
          Chief, General Litigation Section I

          /s/
          _____
          MELVIN W. BOLDEN, JR. # 192179
          Assistant Attorney General
          441 4th Street, N.W., Sixth Floor South
          Washington, DC 20001
          (202) 724-5695

<u>Certificate of Service</u>

    I hereby certify that a copy of the foregoing was served electronically on Gary Brown this 5th day of May, 2008.

          Melvin W. Bolden, Jr.

          MELVIN W. BOLDEN, JR.
          Assistant Attorney General

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BILLIE SHEPPERD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C. A. No. 05-2126(TFH) |
| | ) |
| DISTRICT OF COLUMBIA, | ) |
| | ) |
| Defendant. | ) |
| | ) |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM INTRODUCING INTO EVIDENCE THE FINDINGS AND DETERMINATIONS OF BERNADINE BOOKER BROWN

Defendant, by and through counsel, respectfully move to preclude entry into evidence the Findings and Determinations of Bernadine Booker Brown, Equal Employment Officer of the Department of Health dated July 22, 2003. See, Attachment B hereto- Determination. Pursuant to Rule 403 of the Federal Rules of Evidence, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury…."

The July 22, 2003 Findings and Determinations should not be admitted because the report does not state which witnesses were interviewed, whether witnesses who were interviewed were under oath and which documents, if any, were reviewed by the investigator. Thus, defendant will be unfairly prejudiced at trial if the Findings and Determination is submitted as evidence because the evidence relied upon by the EEO investigator to reach her conclusion is unknown. Defendant is precluded from contesting the conclusions contained in the report because the investigator does not disclose the

evidence which forms the basis for her conclusion. *See Lathem v. Department of Children and Youth Services*, 172 F3rd. 786, 791 (11th Cir. 1999). ( District Court did not abuse its discretion when it excluded reports of EEOC for failure to interview certain witnesses and review certain documents during its investigation ).. Moreover, a jury will have difficulty evaluating the investigator's conclusions of discrimination because the report lacks sufficient evidence of unlawful discrimination. Thus, prejudice to defendant will outweigh any probative value. *See also*, *Beach v. Boise Cascade Corp*, 191 F3rd. 1010, 1014-16 (9th **Cir.** 1999), *cert denied*, 529 U. S. 1021(2000) Fed. R. of Evid.,Rule 403.

Consequently, defendant respectfully requests that Findings and Determination of Bernadine Booker Brown, Equal Employment Officer of the Department of Health dated July 22, 2003 or any reference thereto be barred from the trial of this matter.

PETER J. NICKLES
Interim Attorney General
for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

KIMBERLY MATTHEWS JOHNSON
Chief, General Litigation Section I

_____/s/_____
MELVIN W. BOLDEN, JR.
Assistant Attorney General
441 4th Street, N.W., Sixth Floor South
Washington, DC 20001
(202) 724-5695

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BILLIE SHEPPERD,                )
                                )
    Plaintiff,                  )
                                )
        v.                      ) C. A. No. 05-2126(TFH)
                                )
DISTRICT OF COLUMBIA,           )
                                )
    Defendants.                 )
                                )

## ORDER

Upon consideration of the Motion in Limine to Preclude Plaintiff From Introducing Into Evidence the Findings and Determinations of Bernadine Booker Brown, plaintiff's opposition thereto and the record herein, it is by this   day of May, 2008,

ORDERED: that the Motion in Limine to Preclude Plaintiff From Introducing Into Evidence the Findings and Determinations of Bernadine Booker Brown is GRANTED; and it is

FURTHER ORDERED:: that the Findings and Determinations dated July 22, 2003 or any reference thereto is hereby barred from the trial of this matter.

_____
JUDGE