# GOVERNMENT OF THE DISTRICT OF COLUMBIA
## Department of Health

2.5

Office of the Director



## MEMORANDUM

**TO:** Billie E.K. Shepperd
James A. Buford
Phyllis Mayo, Ph.D.
Marilyn Seabrooks Myrdal

**FROM:** Bernardine Booker Brown
Equal Employment Opportunity Officer

**DATE:** July 22, 2003

**SUBJECT:** Findings and Determination (Billie E.K. Shepperd)

---

The attached is a corrected copy of the subject report you received. Please note the correction on page 2, line 11 from 7/01/03 to 7/01/02.

Please destroy the original report.

Your patience is appreciated.



This is a report of an Equal Employment Opportunity investigation conducted by the writer in response to written and oral allegations of discrimination by Billie Shepperd, Public Health Analyst, DS-13, in the Maternal and Family Health Administration, Health Promotion, Department of Health. The written allegations were mailed to James A. Buford, Director of the Department of Health and to Judith Banks, Interim Director of the D.C. Department of Personnel. Ms. Shepperd alleges discrimination based on age, gender, racial identification, marital status and a hostile work environment. The charges are against her immediate supervisor, Colleen Whitmore, Adolescent Health Officer, and Marilyn Seabrooks Myrdal, Maternal and Family Health Officer, Maternal and Family Health Administration, Department of Health (DOH).

Ms. Shepperd alleges that she has been treated differently and has been subject to unequal terms of and conditions of employment. A litany of circumstances and events are offered in support of her allegations. The documentation includes her move from the Department of Health headquarters at 825 North Capitol Street, N.E. to the grounds of D.C. General Hospital; being placed on probation; and threats of renewal of her Term Appointment in 30 day increments. Additionally, Ms. Shepperd was separated from the Position of Public Health Analyst, effective June 30, 2003, due to the expiration of her term appointment, by correspondence dated May 29, 2003. Ms. Shepperd remains in her position, as of this writing, because a request was made by the writer to continue the position until this report could be completed.

FINDINGS AND DETERMINATION

Ms. Shepperd was moved from 825 North Capitol Street, N.E., to the grounds of D.C. General Hospital in January of 2001. At that time several moves were being made within the Maternal and Family Health Administration, both internal and external. Most staff reassigned from 825 North Capitol Street were sent to 51 N Street, N.E., Ms. Shepperd, alone, was reassigned to the grounds of D.C. General Hospital. While Ms. Shepperd was ostensibly assigned there for the proximity to the School Health Program, to which she served as liaison, her assignment there was made before adequate and necessary logistics could be arranged. For a period of time, she did not have a working telephone or computer, was physically isolated from any DOH staff, and was located near a prison ward. Within a thirteen (13) month period, her tenure at D.C. General Hospital, Ms. Shepperd was moved three times. Mrs. Whitmore was not Ms. Shepperd's supervisor during this period of activity. After Mrs. Whitmore assumed supervision, Ms. Shepperd

81

was moved a fourth time to 51 N Street, N.E., where she now is assigned. This constituted four (4) moves from January 2001 to February 2002.

After performance issues surfaced, Ms. Shepperd was verbally put on probation for a ninety (90) day period, by her supervisor, a procedure inconsistent with established guidelines as outlined in Chapter 14, Performance Evaluations of the District Personnel Manual (DPM). There appears to be no written documentation concerning assignments or performance issues. There is no supervisory documentation of attempts to identify areas of weakness and remedies offered. The Term Appointment under which Ms. Shepperd served and which was renewed for ten plus years was used inappropriately to validate performance. It should also be noted that the extension of Term Appointment has an effective date of 7/01/02 with a not to exceed date of 6/30/03, less than a thirteen month extension.

The letter sent to Ms. Shepperd, separating her from her position was based on a restructuring of the Maternal and Family Health Administration, and based on Ms. Shepperd's past performance, it was decided not to extend her. The function assigned to Ms. Shepperd will continue, which in effect means that the expiration of the term appointment was used in lieu of using appropriate measures as outlined in Chapter 14 of the DPM, if indeed performance was the issue.

Ms. Shepperd has been subjected to disparate treatment and a hostile environment as an employee. It has not been determined that this is based on gender, racial identification, or marital status. There was insufficient time to examine the demographics of each of the protected areas listed to make a definite determination of each. Conversations and inquiries concerning Ms. Shepperd's intent to retire were inappropriate and a matter of her privacy and dignity and could be seen as a basis for age discrimination.