

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Pittsburgh Area Office

Liberty Center
1001 Liberty Avenue, Suite 300
Pittsburgh, PA 15222-4187
(412) 644-3444
TTY (412) 644-2720
FAX (412) 644-2664

Ms. Billie E. Shepperd
3714 Huntington St., N.W.
Washington, DC 20015

Charging Party,

CHARGE NO.: 100-2003-00748

District of Columbia
Department of Health
825 North Capitol Street N.E.
4th Floor
Washington, DC 20002

Respondent

## DETERMINATION

Under the authority vested in me by the Commission, I issue the following determination as to the merits of the above cited charge.

All requirements for coverage have been met. Charging Party alleged that she was harassed and subjected to inequitable terms and conditions of employment due to her age, 62, in violation of the Age Discrimination in Employment Act (ADEA). She also alleged that in retaliation for opposing practices unlawful under the ADEA and Title VII she was constructively discharged by being forced to retire in violation of the Age Discrimination in Employment Act and Title VII of the Civil Rights Act of 1964, as amended.

Respondent stated that in July of 2002, Charging Party informed her supervisor and other staff that she would be retiring in October of 2002 then she twice pushed the date back. In a letter dated May 29, 2003, Charging Party was informed of her separation from her position due to the expiration of her term appointment effective June 30, 2003. Then by letter dated June 18, 2003, Respondent advised Charging Party that her term would extend thru July 31, 2003. Finally, Respondent stated that on July 31, 2003 it learned that Charging Party had submitted her retirement papers.

Examination of the evidence indicates that Charging Party had received a satisfactory evaluation from her supervisor, dated 4/7/03. Charging Party subsequently signed a letter, dated 4/20/03, which was sent to Respondent on her behalf by an attorney. In the letter, she opposed practices that she believed to be unlawful

under Title VII and the ADEA. The letter stated that the only reason she had considered retirement was due to the alleged discrimination. The letter was sent certified, return receipt requested to the Director of the DC Department of Health and evidence shows that it was received 4/24/03. It was also sent to the Interim Director of the DC Office of Personnel and evidence shows that it was received 4/22/03. Just over a month later, Charging Party received a letter of termination dated 5/29/03, to be effective 6/30/03. The termination was supposedly due to an expiration of her term appointment, despite the fact that she had had her term position renewed every year for the preceding 11 years. Respondent provided no further explanation for having sent Charging Party a termination letter. Accordingly, there appears to be a clear causal connection between Respondent's receipt of the Charging Party's internal ADEA/Title VII complaint and it's advising her shortly thereafter, that it was terminating her employment.

Although Charging Party had discussed her desire to retire on a few occasions, one can not be forced to retire merely because they had previously indicated an interest in retirement. Moreover, Charging Party's letter of complaint clearly stated to Respondent that the only reason she was considering retirement was because she felt compelled to do so to avoid what she believed to be ongoing age and Title VII discrimination. Despite a 7/03 finding by Respondent's EEO Officer, that Respondent's actions "could be seen as a basis for age discrimination", Respondent continued with its plan to terminate Charging Party effective 7/31/03. Knowing this, Charging Party choose to take a retirement over termination.

Based on this analysis, I have determined that the evidence obtained during the investigation establishes a violation of the ADA relating to the allegation of constructive discharge and retaliation.

Regarding the allegations of being harassed and subjected to inequitable terms and conditions of employment due to her age, I have determined that there is no reasonable cause to believe that Respondent committed acts in violation of the ADA. The allegations identified in the charge which occurred prior to 10/02 were not timely filed and therefore no finding will be made regarding those allegations.

Upon finding that there is reason, in part, to believe that violations have occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation. Therefore, the Commission now invites the parties to join with it in reaching a just resolution of this matter.

If the Respondent declines to discuss settlement or when, for any other reason, a settlement acceptable to the office Director is not obtained, the Director will inform the parties and advise them of the court enforcement alternatives available to aggrieved persons and the Commission.

A Commission representative will contact each party in the near future to begin conciliation.

On Behalf of the Commission,

Date  7/12/04

*Eugene M. Reid for*
Marie Tomasso, Philadelphia District Director

2



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Pittsburgh Area Office

2004 JUL 15 P
PERSONNEL & LABOR REL.

Liberty Center
1001 Liberty Avenue, Suite 300
Pittsburgh, PA 15222-4187
(412) 644-3444
TTY (412) 644-2720
FAX (412) 644-2664

July 8, 2004

Charge Number: 100-2003-00748

Shepperd v DC Department of Health

Frank McDougald, Esquire
Assistant Corporation Counsel
441 4th Street, N.W.
Suite 3002
Washington, DC 20001

Dear Mr. McDougald:

Enclosed is a copy of the proposed Conciliation Agreement concerning the charge referenced above for review and signature.

Return the agreement to this office immediately after it has been signed and dated. After all required signatures are obtained, we will send you a photocopy of the completed Agreement. If you have any questions concerning this Agreement, please do not hesitate to contact me at (412) 644-2752.

We appreciate your cooperation during our efforts to resolve this charge.

Sincerely,

Frank E. Rodia
Investigator

Enclosure:   Conciliation Agreement

3