UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BILLIE SHEPPERD, | ) |
|     Plaintiff, | ) ) ) |
|     v. | ) C. A. No. 05-2126(TFH) ) |
| DISTRICT OF COLUMBIA, | ) ) |
|     Defendant. | ) ) |

## SUBMISSION TO THE COURT

Defendant, by and through counsel, respectfully submits its proposed Non-Standard Jury Instructions. See, Instructions 1-7. & Special Verdict Form..

        PETER J. NICKLES
        Interim Attorney General
        for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General
        Civil Litigation Division

        KIMBERLY MATTHEWS JOHNSON
        Chief, General Litigation Section I

        _____/s/_____
        MELVIN W. BOLDEN, JR.
        Assistant Attorney General
        441 4th Street, N.W., Sixth Floor South
        Washington, DC 20001
        (202) 724-5695

May 6, 2008

.
# DEFENDANT'S PROPOSED NON-STANDARD JURY INSTRUCTION NO. 1
## GENERAL STATEMENT

In this case, the plaintiff has brought a claim alleging that the defendant has discriminated against her on the basis her age. She was a term employee who alleges that her employment was not renewed after she allegedly complained of discrimination. Plaintiffs term appointment automatically expired on June 30, 2003.  Under the Age Discrimination in Employment Act, an employer may not discriminate against an employee who is over the age of forty because of that employee's age.  That means that, in most circumstances, an employer may not treat an employee over the age of forty differently because of the employee's age with respect to the terms and conditions of the employment such as hiring, transfer, promotions, reassignment, or discharge.  The Age Discrimination in Employment Act does not require an employer to give special treatment to employees who are over the age of forty.  Rather, the age of an employee is accorded neutral status under the Age Discrimination in Employment Act.

**Authorities**
29 U.S.C. § 631 (a) (Supp. I 1989); *Parcinski v. Outlet Co*., 673 F. 2d 34, 37 (2d Cir. 1982)  (ADEA requires that an employee's age be treated in a neutral fashion, " neither facilitating nor hindering advancement, demotion or discharge"), *cert. denied*, 450 U.S. 1103 (1983); *Williams v. General Motors Corp*., 656 F.2d 120, 129 (5th Cir. 1981) (ADEA does not require an employer to accord special treatment to employees over forty), *cert, denied*, 455 U.S. 943 (1982).

**DEFENDANT'S NON-STANDARD JURY INSTRUCTION NO 2.**

**Hostile Work Environment**

In determining whether a severe and extensive hostile work environment existed because of the age of the employee, you must consider the evidence from the perspective of a reasonable person. That is, you must determine whether a reasonable person would have been offended by the conduct in question because of her age. This is an objective standard, and you cannot view the evidence from the perspective of an overly sensitive person. Therefore a plaintiff establishes a case of hostile work environment or harassment because of age when she proves by a preponderance of the evidence that the defendant's conduct, which a reasonable person would consider sufficiently severe or extensive to alter the conditions of employment, created an abusive working environment because of the plaintiff's age.

### DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3

### Burden of Proof

The plaintiff has introduced evidence that she claims proves that the defendant intentionally discriminated against her because of her age. The evidence consists of the expiration of her term employment appointment in June, 2003. Plaintiff was not a permanent employee. She was a term employee who claims her employment was not renewed after she complained of age discrimination. The plaintiff will have fulfilled her initial burden if the direct evidence she has introduced proves by a preponderance of the evidence each of the following elements:

  (1) that she was within the protected age group at the time the alleged discriminatory action occurred, that is, that she is over forty years of age;

  (2) that she was discriminated against because of she age in that she in that her employment was not renewed as a result of her complaining of age discrimination;

  (3) and that the plaintiff's age was the motivating factor in the defendant's decision.

If the plaintiff has offered evidence from which you could conclude that the defendant discriminated against her because of her age, then the plaintiff is entitled to recover unless the defendant proves by a preponderance of the evidence that it would have taken the same action regardless of the plaintiff's age.

If, however, the plaintiff fails to prove any of these elements by a preponderance of the evidence, you must decide in favor of the defendant. Also, if you decide that the plaintiff has failed to prove that her age was a motivating factor in the defendant's decision, and would have suffered the same consequences regardless of her age, then you must decide in favor of the defendant.

**Authorities**

See also XXXXX 1.02[1], supra. Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions XXXXX106.02 (Supp. 1993).

**DEFENDANT'S PROPOSED NON-STANDARD JURY INSTRUCTION NO. 4.**

**Burden of Proof- Plaintiff's Burden of Proving Pretext**

If the defendant satisfies its burden by presenting evidence tending to show a non-discriminatory reason for allegedly not renewing her appointment after it expired, the plaintiff must persuade you, by a preponderance of the evidence, that the reasons offered by the defendant are:

(1) only a pretext or cover-up for what, in truth, was a discriminatory purpose; or

(2) that the discriminatory reason more likely than not motivated the defendant.

When you consider the plaintiff's evidence that the reason advanced by the defendant is pretext, keep in mind that the relevant question is whether the defendant's explanation was not the real reason for its actions.  The question is not whether the defendant showed poor or erroneous judgment.  You are not to judge the defendant's wisdom.  The defendant would be entitled to make its decisions for a good reason, a bad reason, or no reason at all, so long as the decisions were not motivated by unlawful discrimination.  However, you may consider whether the defendant's reason is merely a cover-up for discrimination  You also should carefully evaluate any subjective reason the defendant has asserted for taking the actions against the plaintiff that it did in deciding whether the plaintiff has met his burden of proof.

If the plaintiff persuades you of this, then you must decide in her favor.

**Authorities**

*See also § 1.02[3][a] supra. Levin v. Analysis & Technology, Inc.,* 960 F.2d 314 (2d Cir. 1992); *Medina-Munoz v. R.J. Reynolds Co.,* 896 F.2d 5 (1st Cir. 1990). See also Sand, Siffert, Reiss, Sexton and Thorpe, *Modern Federal Jury Instructions* ¶ 88.02 at 88-139 (1993); *Aka v. Washington Hosp.Centr.*, 332 U.S. App. D.C. 156, 156 F.3d 1284 (D.C. Cir. 1998)..

**DEFENDANT'S PROPOSED NON-STANDARD JURY INSTRUCTION NO. 5**

**<u>Retaliation</u>**

Ms. Shepperd claims that she suffered retaliation pursuant to 42 U.S.C. § 2000 e. It is unlawful for an employer to retaliate against one of its employees for opposing racial or age discrimination, either informally or by making a formal complaint. Under the law, such opposition or complaint is considered protected activity, and an employee cannot be punished or disadvantaged for having raised concerns about discrimination. It is irrelevant whether the employer considered the complaint to have merit. Whether or not the employer believed the complaint was justified, it may not retaliate against an employee because she opposed racial discrimination or complained about it. To prove retaliation, plaintiff must prove:

      1) that she engaged in protected activity;

      2) that plaintiff suffered an adverse employment action co contemporaneously with or subsequent to that protected activity; and

      3) that there was a causal connection between the protected activity and the adverse action.

With respect to plaintiff's retaliation claims, the protected activities are limited to plaintiff's provision of a sworn statement to the Equal Employment Opportunity Commission in discrimination cases and a statement to the Department of Health EEO officer.

.

# DEFENDANT'S  NON- STANDARD JURY INSTRUCTION NO.  6

## Mitigation

The Plaintiff must make every reasonable effort to minimize or reduce her damages for loss of compensation by seeking employment.  This is called mitigation of damages. If you determine that Plaintiff is entitled to damages, you must reduce these damages by (1) what the plaintiff earned and (2) what the plaintiff could have earned by reasonable effort during the period from the expiration of her employment until the date of trial. You must decide whether the plaintiff was reasonable in not seeking or accepting a particular job. However, the plaintiff must accept employment that is "of a like nature." In determining whether employment is "of a like nature" you may consider :

   (1) the type of work,
   (2) the hours worked,
   (3) the compensation,
   (4) the job security,
   (5) the working conditions, and
   (6) other conditions of employment.

The defendant must prove that the plaintiff failed to mitigate her damages for loss of compensation.  If you determine that the plaintiff did not make reasonable efforts to obtain another similar job, you must decide whether any damages resulted from her failure to do so.  You must not compensate the plaintiff for any portion of her damages that resulted from her failure to make reasonable efforts to reduce her damages.

**Authorities**

Devitt, Blackmar and Wolff, *Federal Jury Practice and Instructions* Section 105.41 (1987& Supp. 1993); *Coleman v. City of Omaha,* 714 F. 2d 804,808 (8th Cir. 1985).

# DEFENDANT'S NON- STANDARD JURY INSTRUCTION NO. 7

## Defense of Legitimate Non-Discriminatory Reason

If the plaintiff persuades you by a preponderance of the evidence that the defendant failed to renew her appointment her because of her age, then you must consider the defendant's defense that its actions were based upon good cause (or a reasonable factor other than age).  As you consider this, remember that the defendant bears only the burden of articulating a legitimate, nondiscriminatory reason for its actions.  The defendant does not have to persuade you by a preponderance of the evidence; rather, it need only produce enough evidence in support of its claim to create a genuine issue of fact in your mind.

**Authority:**
*McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973); *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248 (1981); *Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
BILLIE SHEPPERD,                )
                                )
        Plaintiff,              )
                                )
        v.                      ) C. A. No. 05-2126(TFH)
                                )
DISTRICT OF COLUMBIA,           )
                                )
        Defendant.              )
_____ )
```

## VERDICT FORM

1. Has plaintiff proven by a preponderance of evidence that Defendant District of Columbia retaliated against her for engaging in protected activity in violation of the Age Discrimination in Employment Act ?

    _____YES                    _____NO

2. Has plaintiff proven by the preponderance of the evidence that Defendant District of Columbia discriminated against her because of her age.?

    _____YES                  _____ NO

3. Has plaintiff proven by the preponderance of the evidence that Defendant District of Columbia subjected her to a hostile work environment because of her age. ?

    _____YES                  _____ NO

4. Has plaintiff proven by the preponderance of the evidence that Defendant District of Columbia discriminated against her because of her race in violation of Title VII of the Civil Rights Act of 1964.?

    _____YES                _____ NO

2..

all your answers to Questions 1 through 4 are NO your deliberation is over and the foreperson must date and sign this form.

If your answer to <u>any</u> of the Questions 1 through 5 is YES, then you must proceed with answering questions 6 and 7 below.. Please have the foreperson sign and date this form after it has been completed.

<u>6</u>. Do you find from a preponderance of the evidence that the Plaintiff Billie Shepperd should be awarded compensatory damages for pain & suffering ?

YES_____          NO_____

7. What amount of money will fairly and justly compensate Plaintiff for the dasmages she sustained ?

Amount $ _____

Date :May____, 2008    . .